# Exhibit 7



**U.S. Department of Justice**

*Federal Bureau of Prisons*

*Federal Correctional Complex*
*Terre Haute, Indiana*

March 1, 2011

Mr. Paul Enzinna
Brown Rudnick LLP
601 Thirteenth Street NW, Suite 600
Washington, DC 20005

RE:    Conditions at USP Terre Haute

Dear Mr. Enzinna:

I am writing in response to your letter requesting a meeting with me to express concerns regarding conditions in the Special Confinement Unit (SCU) at the Federal Correctional Complex (FCC) in Terre Haute, Indiana. I understand that you have also forwarded general concerns to our legal staff.

I am aware that previous wardens have met with legal counsel for SCU inmates to discuss specific issues regarding policy in that unit. However, I do not believe that such a meeting would be productive at this time. A review of your letter and subsequent email to legal staff reveals that the only complaints that have previously been brought to the attention of staff are the concerns with scheduling of telephone calls and the opening of legal mail. As was previously discussed with individual counsel regarding legal calls, every effort is made to arrange requested legal calls the day that the call is requested. A review of our records in the SCU reveals that, on average, staff schedule over three hundred legal calls per quarter. This is far in excess of the number of legal calls made to or from non-death sentence inmates at FCC Terre Haute. Additionally, with very rare exception the overwhelming majority of legal calls occur within 24 hours of the request from the inmate's counsel.

With regard to concerns over legal mail being opened, our mailroom staff follow the procedure outlined in Program Statement 5265.11, "Correspondence". In the event that mail is not appropriately marked, it is opened by mailroom staff. Once our unit team staff are

1

alerted by the inmate or inmate's attorney that this was intended to be legal mail, then staff advise the inmate's attorney of the appropriate markings. Again, by policy, if the mail is not properly marked, the mailroom staff will open it.

Many of the other, more generic issues cited in your email and letter have never been brought to the attention of institution staff and we continue to encourage your clients to utilize the informal resolution and administrative remedy processes to bring matters to the attention of appropriate staff. Without this process, the staff are unaware that inmates have concerns and cannot address them.

Again, I do not believe that a meeting would be productive at this time; however, if you believe that your clients still have concerns after utilizing the proper processes set forth in policy, I encourage you to schedule a meeting with our legal department and the unit manager. In the event that you feel these issues still require further attention, I will contact the U.S. Attorney's office and the victim's families and arrange for them to meet with us as they are also interested parties in the treatment of inmates and their conditions of confinement. It is my belief that if such a meeting becomes necessary, it will be best for everyone to share their concerns at the same meeting to reduce the likelihood of any miscommunication.

I trust this response addresses your concerns.

Sincerely,

Charles L. Lockett
Complex Warden

cc:    Rick Winter, Deputy Regional Counsel
       Paul Pepper, CLC Leader
       ✓Katherine Siereveld, Attorney Advisor
       Michael L. Stephens, SCU Unit Manager

2