# Exhibit 8

LEGAL DEPARTMENT
NATIONAL PRISON
PROJECT



## VIA U.S. FIRST CLASS MAIL

April 19, 2011

Mr. Michael K. Nalley
Regional Director, North Central Region
Bureau of Prisons
400 State Avenue, Suite 800
Kansas City, KS 66101

AMERICAN CIVIL
LIBERTIES UNION FOUNDATION

PLEASE RESPOND TO:
NATIONAL PRISON PROJECT
915 15TH STREET, NW
7TH FLOOR
WASHINGTON, DC 20005-2112
T/202.393.4930
F/202.393.4931
WWW.ACLU.ORG

DAVID C. FATHI
DIRECTOR
ATTORNEY AT LAW*

NATIONAL OFFICE
125 BROAD STREET, 18TH FL.
NEW YORK, NY 10004-2400
T/212 549 2500

OFFICERS AND DIRECTORS
SUSAN N. HERMAN
PRESIDENT

ANTHONY D. ROMERO
EXECUTIVE DIRECTOR

ROBERT B. REMAR
TREASURER

*NOT ADMITTED IN DC;
PRACTICE LIMITED TO
FEDERAL COURTS

Dear Mr. Nalley:

I read with deep concern the attached letter from Warden Charles Lockett to capital defense attorney Paul Enzinna. In that letter, dated March 1, 2011, Mr. Lockett responded to multiple communications from Attorney Enzinna seeking a meeting to discuss conditions of confinement in the Special Confinement Unit at USP-Terre Haute. Specifically, Attorney Enzinna expressed concern about the ability of death-sentenced prisoners to communicate with their counsel, seemingly arbitrary and possibly retaliatory discipline by staff, and the failure to provide prisoners with constitutionally adequate medical care. As you know, attorneys for the men on death row have consistently raised similar complaints for many years.

Mr. Lockett responded, in part, with the following:

> In the event that you feel these issues still require further attention, I will contact the U.S. Attorney's office and the victim's [sic] families and arrange for them to meet with us as they are also interested parties in the treatment of inmates and their conditions of confinement.

I am aware of no BOP policy or legal precedent that permits the Bureau to consult with victims' families when determining what kind of medical care a prisoner may receive, whether disciplinary actions against that prisoner should be just or unjust, or under what conditions he may communicate with his defense counsel. But if I am mistaken, please identify with specificity the statute, regulation, Bureau of Prisons policy, or legal authority that permits the Bureau to do so.

Regardless of whether such authority exists, Mr. Lockett's proposal to discuss, *inter alia*, prisoners' medical care with victims' families and United States Attorneys raises serious confidentiality concerns and may violate BOP policy and applicable law. *See* Program Statement 1351.05 ("Release of Information"); Program Statement 6090.02 ("Health Information Management").

Page 1 of 2

I look forward to your reply and thank you for your attention to this matter.

Very truly yours,

Gabriel B. Eber
Staff Counsel

cc:

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

Mr. Paul Enzinna, Esq.
Ms. Ruth Friedman, Esq., Director, Federal Capital Habeas Project
Ms. Miriam Gohara, Esq., Resource Counsel, Federal Capital Habeas Project
Ms. Cynthia A. Schnedar, Acting Inspector General, U.S. Dep't of Justice
Mr. Harley Lappin, Director, Bureau of Prisons

Enclosure