# Exhibit 12



THIS MAIL DOES NOT QUALIFY
AS SPECIAL/LEGAL MAIL AS
DEFINED BY BOP PS 5265.11
**CORRESPONDENCE**

X0Z-410L

**SPECIAL MAIL BETWEEN ATTORNEY/CLIENT**

**OPEN ONLY IN THE PRESENCE OF THE INMATE**

TO:

**SPECIAL MAIL BETWEEN ATTORNEY/CLIENT**
**OPEN ONLY IN THE PRESENCE OF THE INMATE**

Jurijus Kadamovas
Reg. No. 21050-112
Terre Haute U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN 47808

ATTACHMENT
"A"

# Exhibit 1

For Original Complaint to Cause

No. 2:18 - CV - 00490 JRS - MJD

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: KALAMOVAS JURIJUS _____ 21050-112 _____ SCU _____ TERRE HAUTE
          LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

Part A - REASON FOR APPEAL I TIMELY APPEALING REMEDY ID # 925231-R2 WARDEN KRUEGER RESPONSE ERRONEOUS AND DO NOT REFLECT THE TRUTH.

1) THE PORTABLE HARD DRIVE WAS RECEIVED BY BOP OFFICIALS ON NOVEMBER 29, 2017. MY ATTORNEY HAD DELIVERED MY ORAL ARGUMENT ON JANUARY 10, 2018. SO IT JUST WAS NOT POSSIBLE TO HAVE MY ORAL ARGUMENTS ON THE HARD DRIVE. ON THIS HARD DRIVE WAS 100's OF GIGABYTES OF SENSATIVE ATTORNEY CLIENT PRIVILEGED INFORMATION WITH I HAVE RECEIVED ONLY AFTER 12 DAYS, WHICH IS AGAINST ANY POLICY AND LAW.

2) IT WAS NOT OPEN IN MY PRESENTS.

SEE ATTACHED "ONE PAGE ATTACHMENTS FOR REMEDY ID # 925231-R1 AND 4 EXHIBITS" ALL ATTACHMENTS AND EXHIBITS FOUR COPIES SUBMITED, AS WELL ALL COPY OF BP-8, 9 ATTACHED.

4 MARCH 2018 _____          _____
          DATE                                    SIGNATURE OF REQUESTER

Part B - RESPONSE

USPS TRACKING #   **9114 9014 9645 1431 0165 67**
& CUSTOMER        For Tracking or Inquiries go to USPS.com
RECEIPT           or call 1-800-222-1811.

_____          _____
          DATE                                    REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE          CASE NUMBER: 925231-R3

Part C - RECEIPT

                                              CASE NUMBER: _____

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION
SUBJECT: _____

_____          _____
          DATE                                    SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN          PRINTED ON RECYCLED PAPER                              BP-230(13)
                                                                        JUNE 2002

*Exhibit #1 A.*

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 07-99009 |
| | ) | D.C. No. CR 02-220-DT |
| Plaintiff-Appellee, | ) | |
| | ) | REPLY TO |
| v. | ) | GOVERNMENT'S |
| | ) | RESPONSE'S TO THE |
| JURIJUS KADAMOVAS, | ) | MAY 8, 2017 ORDER |
| | ) | |
| | ) | |
| Defendants-Appellants. | ) | |
| | ) | |

Appellant Jurijus Kadamovas respectfully submits the following reply to the government's response to the Court's May 8, 2017 order.

*First*, the government's response states that the Bureau of Prisons ("BOP") computer available for Mr. Kadamovas's use does not allow him to save any files. Given the significant volume of materials in this case, this limitation makes it extremely difficult for Mr. Kadamovas to use the computer in an effective manner. It is important for him to be able to save his work product, particularly due to his language barrier, so that he can effectively review and master the discovery and record materials, and share his work product with his counsel. For this reason, he has always sought the use of his laptop computer, which has this software capability, and which, like the BOP computer, does not have internet capability.

Case 2:19-cv-00540-JPH-MJD   Document 1-12   Filed 11/08/19   Page 7 of 36 PageID
Case 2:18-cv-00490-JRS-MJD   Document #:185   Filed 11/02/18   Page 4 of 4 PageID #: 21
Case: 07-99009, 05/25/2017, ID: 10448600, DktEntry: 348, Page 2 of 4

*Exhibit #1 B.*

*Second*, Mr. Kadamovas notes that, although the "special mail" package containing the hard drive of materials sent to him by counsel was opened in his presence, the government's response indicates that it was inspected outside his presence (after it had been held by the BOP for several days). Mr. Kadamovas's position is that the hard drive should have been inspected in his presence pursuant to 28 CFR § 540.18, which provides: "The Warden shall open incoming special mail only in the presence of the inmate for inspection for physical contraband and the qualification of any enclosures as special mail. The correspondence may not be read or copied if the sender is adequately identified on the envelope, and the front of the envelope is marked 'Special Mail – Open only in the presence of the inmate.'"

Respectfully submitted,

*s/Benjamin L. Coleman, s/Barbara E. O'Connor*
*s/Margaret H. O'Donnell*

Dated: May 25, 2017

BENJAMIN L. COLEMAN
COLEMAN & BALOGH LLP
1350 Columbia Street, Suite 600
San Diego, California 92101
Telephone: (619) 794-0420

BARBARA E. O'CONNOR
O'CONNOR & KIRBY, P.C.
174 Battery Street, 3rd Floor
Burlington, Vermont 05401
Telephone: (802) 863-0112

2

Case 2:19-cv-00540-JPH-MJD     Document 1-12     Filed 11/08/19     Page 8 of 36 PageID
Case 2:18-cv-00490-JRS-MJD   Document 1-2   Filed 11/02/18   Page 1 of 6 PageID #: 22
#: 86

# Exhibit 2

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 12 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Exhibit #1 A.*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>IOURI MIKHEL,<br><br>Defendant-Appellant. | No.   07-99008<br><br>D.C. No. CR-02-00220-DT-1<br>Central District of California,<br>Los Angeles<br><br><br>ORDER |
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>JURIJUS KADAMOVAS,<br><br>Defendant-Appellant. | No.   07-99009<br><br>D.C. No. CR-02-00220-DT-2<br>Central District of California,<br>Los Angeles |

Before:  CANBY and MURGUIA, Circuit Judges.

Appellant Jurijus Kadamovas, sentenced to death in the Central District of

California after being convicted of multiple offenses including three counts of

hostage taking resulting in death and conspiracy to escape, is currently confined in

the Special Confinement Unit (SCU) at the United States Penitentiary in Terre

Haute, Indiana.

Case 2:19-cv-00540-JPH-MJD   Document 1-12   Filed 11/08/19   Page 10 of 36 PageID
Case 2:18-cv-00490-JRS-MJD   Document 132   Filed 11/02/18   Page 3 of 6 PageID #: 24
Case: 07-99008, 06/12/2017, ID: 10469331, DktEntry: 184, Page 2 of 3

*Exhibit #2 B.*

The Court has reviewed Kadamovas's counsel's May 5, 2017 response, Appellee's May 18, 2017 response, and Kadamovas's counsel's May 25, 2017 reply.

Kadamovas requests in his counsel's May 5, 2017 response that this Court issue an order: (1) stating that Kadamovas's use of the Bureau of Prisons (BOP) computer will not be construed as a waiver of the attorney-client or work-product protections; and (2) requiring that a firewall or taint safeguards be instituted prohibiting disclosure of protected information to the prosecution team from those individuals who may review work that Kadamovas may perform on the BOP computer. Appellee's May 18, 2017 response adequately addresses both concerns. Kadamovas's request for an order is denied.

Kadamovas, in his counsel's May 25, 2017 reply, requests that this Court issue an order requiring the prison to permit Kadamovas to use his laptop computer which does not have internet capability. The request for an order for a laptop computer is denied.

Appellee's counsel is directed to remind prison officials at Terre Haute to open properly designated "special mail" sent to Kadamovas by his counsel in Kadamovas's presence. *See* 28 CFR § 540.18.

2

*Exhibit #3.*

## Margaret O'Donnell

From:          Margaret O'Donnell <mod@dcr.net>
Sent:          Friday, December 08, 2017 9:35 AM
To:            'Katherine Siereveld'
Subject:       RE: Following up on Kadamovas harddrive


His concern is not that you scan it, but that you do not scan it in his presence.  mod

---

From: Katherine Siereveld [mailto:ksiereveld@bop.gov]
Sent: Friday, December 08, 2017 9:24 AM
To: Margaret O'Donnell
Subject: RE: Following up on Kadamovas harddrive

He is still not going to be a happy camper because I have to scan it.  I don't have a good way around that.

>>> "Margaret O'Donnell" <mod@dcr.net> 12/8/2017 9:20 AM >>>
Thank you.

---

From: Katherine Siereveld [mailto:ksiereveld@bop.gov]
Sent: Friday, December 08, 2017 9:12 AM
To: Margaret O'Donnell
Subject: Re: Following up on Kadamovas harddrive

I'm headed over to scan it here in a bit.  He should have it today.
Thanks,
Katherine

>>> "Margaret O'Donnell" <mod@dcr.net> 12/8/2017 8:47 AM >>>
I am scheduled to see Mr. Kadamovas on Monday, late morning. Can you update me on the status of his access to the harddrive with my co-counsel Ben Coleman's's prior oral arguments in the Ninth Circuit Court of Appeals?  Thank you.

Margaret O'Donnell
Attorney at Law
P.O. Box 4815
Frankfort, KY  40604
(502) 320-1837
mod@dcr.net

*Exhibit # 4*

BP-S327.058  **RETURNED CORRESPONDENCE**

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO: (Sender-See Return Address) | FROM: (Institution) |
|---|---|
| EMBASSY OF LITHUANIA<br>2300 CLARENDON BLVD<br>SUITE 302<br>ARLINGTON, VA 22201 | United States Penitentiary<br>P.O. Box 33<br>Terre Haute, IN 47808 |

| RE: (Inmate's Name and Register No.) | DATE: |
|---|---|
| KADAMOVIS JURIJUS 21050-112    X | August 20, 2008 |

**SUBJECT:** Correspondence Returned to Sender

Effective December 20, 2002, general correspondence privileges for the above referenced inmate were suspended until further notice. General correspondence is restricted to an approved spiritual advisor and immediate family members.  (See Program Statement 5265.11, Correspondence, and 28 CFR 540.15)

You may appeal this restriction through the Administrative Remedy Procedure as outlined in 28 CFR Part 542 and Program Statement 1330.13, Administrative Remedy Program.

The rejection of this correspondence is in accordance with the Federal Bureau of Prisons policy on "Correspondence" as published in Title 28 Code of Federal Regulations, Part 540 and in the Federal Bureau of Prisons Program Statement  on correspondence.  You have the right to appeal this rejection by writing the Warden in care of the above address.  The inmate to whom you addressed your correspondence has been notified that this correspondence has been returned to you and of his or her right to appeal the rejection.

John Oliver, Associate Warden

(Printed or Typed Name and Written Signature of the Warden)

**U.S. Department of Justice**
**Federal Bureau of Prisons**
**North Central Regional Office**

**Regional Administrative Remedy Appeal**
**Part B - Response**

---

**Administrative Remedy Number:**   925231-R3

---

This is in response to your Regional Administrative Remedy Appeal received in this office on March 8, 2018, in which you allege your incoming legal mail was not properly processed. You claim staff did not open the item in your presence and delayed delivery. For relief, you request a declaration that Bureau of Prisons' (BOP) staff violated the First and Sixth Amendments, as well as international law, and monetary compensation.

We have reviewed your appeal and the Warden's response dated February 9, 2018. Your incoming special/legal correspondence has been properly processed in accordance with Program Statement 5800.16, Mail Management Manual, and Program Statement 5265.14, Correspondence, which states, "Special Mail may be opened only in your presence to be checked for contraband." We find staff opened a piece of special/legal mail containing a portable hard drive when processing special/legal mail in your presence on November 27, 2017. You acknowledged receipt of this special/legal mail with your signature in the unit team mail log. Pursuant to Program Statement 1237.16, Information Security, "External hard drives, thumb drives, CD/DVDs, or other removable media entering a BOP facility or received from any source, BOP staff or not, must be scanned for viruses and malware prior to use within the facility." As indicated in the Warden's response, the discovery computer was not available to scan the item the day it was received and you refused to allow it to be scanned outside of your presence. Therefore, staff secured the item until it was scanned by the staff attorney in your presence. After verifying the portable hard drive did not pose a significant threat to yourself and security of the institution, it was immediately provided for your retention. We find no evidence of staff malfeasance.

Monetary damages may not be awarded via the administrative remedy process. If you wish to seek monetary compensation based on the negligence of staff, you must file your claim through the administrative procedures applicable to the basis of your claim (i.e. 31 U.S.C. § 3723 or the Federal Tort Claims Act).

Based on the above, this response to your Regional Administrative Remedy Appeal is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

4/4/18
_____
Date

Sara M. Revell, Regional Director

# Exhibit 4

U.S. DEPARTMENT OF JUSTICE                                        REQUEST FOR ADMINISTRATIVE REMEDY

Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: KADAMOVAS JURIJUS          21050-112      SCU        TERRE HAUTE
         LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT         INSTITUTION

Part A- INMATE REQUEST BOP OFFICIALS HAVE BEEN RECEIVED MY PROPERLY
DESIGNATED "SPECIAL - LEGAL MAIL" SENT TO ME BY MY ATTORNEY, I HAVE
OBTAIN THIS MAIL ONLY ON 8 OF DECEMBER 2017 AFTER 12 DAYS
THE BOP OFFICIALS CONTINUE THIS OUTRAGE WITH MY LEGAL MAIL
DESPITE MY GRIEVANCES, LAWSUITS AND EVEN COURT DIRECTION. SEE
MY COP OUT TO Ms. SIEREVELD WITH ATTACHMENTS.
    IT IS UNACCEPTABLE THAT BOP KEEP MY LEAGAL MAIL FOR 12 DAYS
AND CONSULT US ATTORNEYS IN MY CASE ABOUT MY LEGAL MAIL.
I ALSO BELIEVE THAT BOP COPY MY LEGAL WORK AND PROVIDE TO US
ATTORNEY.
    RESOLUTION; I WOULD LIKE THAT BOP TAKE THEK RESPONSIBILITIE
SERIOUSLY AND STOP THIS OUTRAGE WITH MY LEGAL MAIL AND RES-
PECT THE LAW ASWELL STOP PREVENT ME FROM WORKING ON MY
APPEALS IN ATTORNEY CLIENT PRIVILEG MANNER.

12 DECEMBER 2017
         DATE                                                  SIGNATURE OF REQUESTER

Part B- RESPONSE

USP Terre Haute
DEC 18 2017
Administrative
Remedy Clerk

_____                              _____
         DATE                                            WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                              CASE NUMBER: 925231-F1

                                                        CASE NUMBER: _____

Part C- RECEIPT

Return to: _____      _____    _____    _____
              LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.       UNIT      INSTITUTION

SUBJECT: _____

_____         ⊛                    _____
         DATE                                            RECIPIENT'S SIGNATURE (STAFF MEMBER)

                                                                        BP-229(13)
USP LVN                                                                  APRIL 1982

Case 2:19-cv-00540-JPH-MJD    Document 1-12    Filed 11/08/19    Page 16 of 36 PageID
Case 2:18-cv-00490-JRS-MJD    Document 1-34 Filed 11/02/18    Page 3 of 10 PageID #: 30 (20 of 26)
Case: 07-99009, 07/30/2018, ID: 10958874, DktEntry: 461-2, Page 13 of 18

Remedy No.: 925231-F1                                     FCC Terre Haute, IN

## PART B - RESPONSE

This is in response to your Administrative Remedy receipted December 14, 2017, in which you allege staff held your legal mail. For relief, you request to work on your appeals with your attorney in a privileged manner.

A review of your request reveals the legal mail in question was a portable hard drive which contained a copy of your attorney delivering oral arguments on your behalf to the 9th Circuit Court of Appeals. The delivery of this hard drive was anticipated by both you and the Legal Department with the express understanding (both with you and your counsel) that it would need to be scanned on the inmate discovery computer for contraband prior to being placed in your property. Your legal mail was delivered to you on the day it was received; however, the discovery computer was in use by another inmate and you refused to have it scanned outside of your presence. The hard drive was secured in the Unit Team area until you, the staff attorney, and the discovery computer were all available at the same time the following week. After your hard drive was able to be scanned and it was determined it did not contain pornography or music, as your electronic discovery has contained in the past, you were allowed to maintain it in your property for review at your leisure.

Therefore, this response to your Request for Administrative Remedy is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Regional Director, North Central Regional Office, Federal Bureau of Prisons, 400 State Avenue, Suite 800, Kansas City, Kansas 66101. Your appeal must be received within 20 calendar days of the date of this response.


2-9-18
Date

J. E. Krueger, Complex Warden

## FCC Terre Haute
## Attempt at Informal Resolution

389

| Inmate Name:  Kadamovas, Jurijus | Reg. No.:   21050-112 | Unit:  SCU |
|---|---|---|

**Notice to Inmate:** Ordinarily, prior to filing a Request for Administrative Remedy, BP-229 (13), you must attempt to informally resolve your complaint with staff.

| Dept. Assigned: _Legal_ | Due Date:  _12-11-17_ |
|---|---|

Section 1: Briefly state inmate's complaint and requested corrective action(s):

I WOULD LIKE PRECEDE THIS LEGAL MAIL ISSUES TO BP-8 AND INFORMALLY RESOLVE PLEASE SEE COP OUT TO VLATHERINE SCEREVEU ON 19 NOU. 2017 ATTACHED.

☐ Informally Resolved/Complaint Withdrawn

| Inmate's signature | Date | Staff Printed Name/Signature |
|---|---|---|

☒ No Informal Resolution/Progress to BP-9

| _(signature)_ | _12-11-17_ | _ASR/_ |
|---|---|---|
| Inmate's signature | Date | Staff Printed Name/Signature |

Section 2: Document efforts to resolve the matter to include policies reviewed. Note any reasons an informal resolution could not be achieved.

See Attached E-Mos/

_USP Terre Haute_
_DEC 18 2017_
_Administrative_
_Remedy Clerk_

| DEPARTMENT HEAD REVIEW |
|---|

| Dept. Head Name Printed//Signature | Date |
|---|---|

The Department Head may assign to other departmental staff; however, the Department Head must sign as having reviewed prior to returning to the assigned Counselor. If the inmate agrees to informally resolve his complaint, Section 2 does not need to be completed. Section 2 is only completed if the inmate declines to informally resolve and requests to progress to the BP-9.

## THP/SCU~ - Re: BP-8 for legal

**From:** ▇▇▇▇ Siereveld
**To:** THP/SCU~.THAADM1.THADOM1@bop.gov
**Date:** 12/11/2017 7:31 AM
**Subject:** Re: BP-8 for legal
**CC:** ▇▇▇▇▇▇▇

He said he wanted to informally resolve and I went up there on Friday. I think I took care of it and we're good, but I didn't ask him specifically. While I can't do anything about the UN, I think we're good on the rest of it, but if not just let me know.
Thanks!

>>> THP/SCU~ 12/11/2017 7:28 AM >>>
Friendly Reminder, Response Due Today:

>>> THP/SCU~ 12/4/2017 2:33 PM >>>
See attached:
Response due 12-11-2017

USP Terre Haute

Administrative
Remedy Clerk

Cop Out

29 Nov. 2017

FROM: J. KADAMOVAS
#21050-112
SCU # 411 "B" RANGE

TO: KATHERINE SIEREVELA
ATTORNEY FOR FCC TERRE HAUTE

DEAR KATHERINE SIEREVELA:

I WRITE TO EXPRESS MY PROTEST AND CONCERNS REGAR-
DING MY LEGAL MAIL THAT WAS RECEIVED BY BOP
OFFICIALS ON NOVEMBER 27, 2017, AND I STILL CAN NOT
OBTAIN IT.
THE BOP CONTINUE THIS OUTRAGE WITH MY LEGAL
MAIL DESPITE MY GRIEVANCES AND LAWSUITS THAT
I HAVE BEEN FILED.
SINCE YOU HAVE BEEN MANTION THAT "YOU ANYWAY HAVE
LOST ALL YOUR LAWSUITS", I WOULD LIKE TO INFORM YOU
THAT I JUST FINALY, EXHAUSTED ALL AVAILABLE TO ME
DOMESTIC REMEDIES IN THE USA IN ACCORDANCE WITH
GENERALLY RECOGNIZED PRINCIPLES OF INTERNATIONAL
LAW, AND MOVE MY CASE TO OTHER LEVEL, PLEASE SEE
ATTACHMENT # 1.
ALSO YOU HAVE BEEN INFORM ME THAT YOU WILL CON-
TACT MY PROSECUTOR IN REGARDING OPENING MY LEGAL
MAIL IN MY PRESENT. I AM AWARE THAT YOU DO THIS
SORT OF "CONSULTING" IN THE PAST, FOR PREVENT ME FROM
WORKING ON MY APPEALS. THIS TIME, I WOULD LIKE TO
GUIDE YOUR ATTENTION TO COURT ORDER ATTACHED TO THIS
LEGAL MAIL 4..., OPEN PROPERLY DESIGNATED "SPECIAL MAIL" SENT
TO KADAMOVAS BY HIS COUNSEL IN KADAMOVAS'S PRESENCE. SEE
28 CFR/540.18.
AND FINALY I HAVE ATTACHED TO YOUR CONSIDERATION,
UNITED NATIONS STANDARD MINIMUM RULES FOR THE TREA-
TMENT OF PRISONERS RULE # 53. SEE ATTACHMENT #2.
I ASKING THAT MY LEGAL MAIL WILL BE DELIVERED TO
ME IMMEDIATLY, AND BE OPENED IN MY PRESENCE.
THANK YOU FOR YOUR CONSIDERATION.

 **IACHR** Inter-American
Commission on
Human Rights

 Organization of
American States

August 8, 2017

RE:    Jurijus Kadamovas, et al
Case 13.352
United States

Dear Petitioners:

I am pleased to address you on behalf of the Inter-American Commission on Human Rights (IACHR) regarding petition P-1285-11.

This letter is to inform you that the Inter-American Commission has decided to implement Article 36(3) of its Rules of Procedure, in conjunction with its Resolution 1/16, *On measures to reduce the procedural backlog*, which is attached to this letter and is available online at the following link:

http://www.oas.org/en/iachr/media_center/PReleases/2016/150.asp.

By means of Resolution 1/16, the IACHR announced a series of criteria to implement Article 36(3) of its Rules of Procedure and thereby decide in due course on the admissibility and the merits of a case at the same time.

The petition referenced above falls under one of these criteria, specifically:

v.    The petition refers to the use of the death penalty.

By virtue of the above, the Commission decided to open the case under number 13.352. In addition, pursuant to the provisions of Article 37(1) of its Rules of Procedure, the IACHR asks that you submit your additional observations on the merits of the case within four months from the date of this letter.

Robert L. Bolden Sr.

Jurijus Kadamovas

Margaret O'Donnell
mod@dcr.net

Jennifer A. Merrigan
Death Penalty Litigation Clinic
dplc@dplclinic.com

*On 11/08/2017 was sent 4 LB, O30 DZ, of addition legal documents, to IACHR.*

1889 F Street N.W., Washington, D.C., 20006, United States | ☎ +1 (202) 370-9000 | 🖷 +1 (202) 458-3992 | ✉ cidhoea@oas.org

www.cidh.org

ATTACHMENT #2

United Nations Standard Minimum Rules for the
Treatment of Prisoners (the Nelson Mandela Rules)                                    A/RES/70/175

to develop and use appropriate alternatives to intrusive searches. Intrusive searches shall be conducted in private and by trained staff of the same sex as the prisoner.

2.   Body cavity searches shall be conducted only by qualified health-care professionals other than those primarily responsible for the care of the prisoner or, at a minimum, by staff appropriately trained by a medical professional in standards of hygiene, health and safety.

*Rule 53*

Prisoners shall have access to, or be allowed to keep in their possession without access by the prison administration, documents relating to their legal proceedings.

**Information to and complaints by prisoners**

*Rule 54*

Upon admission, every prisoner shall be promptly provided with written information about:

(*a*)   The prison law and applicable prison regulations;

(*b*)   His or her rights, including authorized methods of seeking information, access to legal advice, including through legal aid schemes, and procedures for making requests or complaints;

(*c*)   His or her obligations, including applicable disciplinary sanctions; and

(*d*)   All other matters necessary to enable the prisoner to adapt himself or herself to the life of the prison.

*Rule 55*

1.   The information referred to in rule 54 shall be available in the most commonly used languages in accordance with the needs of the prison population. If a prisoner does not understand any of those languages, interpretation assistance should be provided.

2.   If a prisoner is illiterate, the information shall be conveyed to him or her orally. Prisoners with sensory disabilities should be provided with information in a manner appropriate to their needs.

3.   The prison administration shall prominently display summaries of the information in common areas of the prison.

*Rule 56*

1.   Every prisoner shall have the opportunity each day to make requests or complaints to the prison director or the prison staff member authorized to represent him or her.

2.   It shall be possible to make requests or complaints to the inspector of prisons during his or her inspections. The prisoner shall have the opportunity to talk to the inspector or any other inspecting officer freely and in full confidentiality, without the director or other members of the staff being present.

3.   Every prisoner shall be allowed to make a request or complaint regarding his or her treatment, without censorship as to substance, to the central prison

19/33

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: KADAHOVAS JURIJOS    21050-112    SCU    TERRE HAUTE
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

Part A - REASON FOR APPEAL I TIMELY APPEALING REMEDY # 925231-R3 WITH I RECEIVED RESPONSE ON 15 MAY 2018. THE REGIONAL DIRECTOR IS WRONG IN THAT THE DATE Ms. SIEREVELD TOLD ME THAT SHE HAD TO CONSULT WAITH MY PROSECUTOR THERE WAS NO ONE USING THE DISCOVERY COMPUTER, AND, IN ANY EVENT EVEN IF THE COMPUTER WAS IN USE, SHE DID NOT HAVE TO OPEN THE PACKAGE AND COULD HAVE RETURNED WHEN THE COMPUTER WAS AVAILABLE. ALSO, IT IS UNACCEPTABLE THAT ANYONE IN THE BOP WOULD KEEP MY LEGAL MATERIALS FOR 12 DAYS. MOREOVER, Ms. SIEREVELD DID NOT SCANNED IN MY PRESENT FOR VIRUSES OR CONTRABAND, INMATE DISCOVERY COMPUTER DO NOT EQUIPED WIT THIS CAPABILITY, SHE OPENED ONLY ONE FILE AND GIVEN TO ME THE HARD DRIVE. I BELIVE THE BOP ARE MAKING COPIES OF MY HARD DRIVES OR WORSE, DELETING, EXTRACTING OR EVEN CORRECTING THE CONTENTS, SEE GRIEVANCES # 593281, 589711, 593527, 583121 AND OTHERS, RESOLUTION: ADMIT THAT BOB ARE VIOLATING MY FIRST AND SIXTH AMENDMENT, AND SABOTAGE MY LEGAL HAIR.

16 MAY 2018
DATE    SIGNATURE OF REQUESTER

Part B - RESPONSE

**RECEIVED**

MAY 23 2018

Administrative Remedy Section
Federal Bureau of Prisons

_____    GENERAL COUNSEL
DATE

ORIGINAL: RETURN TO INMATE    CASE NUMBER: 925231-A1

Part C - RECEIPT

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____    SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL
DATE

UPN LVN    PRINTED ON RECYCLED PAPER    BP-231(13)
JUNE 2002

Administrative Remedy No. 925231-A1
Part B - Response

This is in response to your Central Office Administrative Remedy
Appeal where you claim staff members are holding your legal
discovery and holding your legal mail.  For relief, you request
that the BOP admit it is violating your First and Sixth
Amendments, as well as, sabotaging your legal mail.

Our review of your appeal reveals the Warden and Regional
Director adequately addressed the issues raised in your appeal
and we concur with the responses provided.  You provide no
additional information to support your claim that staff members
are processing your legal mail against established policy and
procedures or outside the scope of their duties.

Accordingly, your appeal is denied.


7/6/18
_____
Date

_____
Ian Connors, Administrator
National Inmate Appeals

# Exhibit 5

## The Declaration of Jurijus Kadamovas

I, Jurijus Kadamovas, under the penalties of perjury, state as follows:

1. I am on federal death row as the result of my conviction and death sentence imposed in 2007 in the United States District Court for the Central District of California.

2. This declaration is in support of my complaint concerning the BOP's failure to open and scan all confidential digital legal materials sent to me by special mail.

3. I wish to list for the Court the history of the problems over the course of the last 15 years concerning the protection of my discovery and my attorney-client privileged work product, both hard copy and digital because I believe that the ongoing loss of my legal materials and nefarious acts of the government and BOP officials are not mere negligence, but are intentional acts intended to stop me from challenging my conviction and death sentence:

   a. On March 7, 2003 during a search of my cell at the Los Angeles Metropolitan Detention Center (MDC), my notes regarding co-defendant Ainar Altmanis's past crimes were seized. I was preparing them for my attorneys and investigators. On March 14, 2003, the FBI obtained Altmanis's admission that he had committed the crimes that I outlined in my privileged notes that

1

had been seized one week earlier. I believe that the Government misappropriated my notes regarding Altmanis's past crimes and used them to force Altmanis to confess to the crimes which he had previously concealed. As a result of that misappropriation, I was deprived of the opportunity to challenge Altmanis's credibility in front of the FBI and the Court.

b. When I was at MDC, confidential attorney-client privileged correspondence to and from my attorneys was unreasonably and excessively delayed, and even then not opened in my presence, or never received. (See attached.)

c. My notes were also misappropriated by the U.S. Marshal when, during trial, he removed and copied them without my consent. My attorney objected and the judge sustained the objection.

d. After my trial when I moved to USP Terre Haute, on May 23, 2007, I received 10 boxes of my legal materials. When I was not allowed by the prison to keep the electronically stored discovery (CDs/DVDs) in my cell, I asked that they be returned to my attorney but was told the materials would be kept in a safe place. Prison officials checked the electronic discovery for contraband. I was notified that numerous CDs/DVDs were confiscated as

2

contraband despite the fact that the correspondence from my attorney identified all the materials as special mail which should not have even been opened or read outside my presence. I, however, was not present when these materials were opened.

e. The electronic materials that were not confiscated were kept in an empty cell along with my electronic translation device. Terre Haute officials assured me that no other prisoners were have access to this cell. This, however, was not so. Another prisoner damaged my translation device, and disks pertaining to my case were found in the cell of a mentally ill prisoner. When I went to compare the electronic materials I was allowed to access, I discovered that 22 disks were missing, 3 of which were clearly labeled "attorney-client privileged."

f. Then in 2012, SCU prisoners were informed that any legal materials beyond the 3 cubic feet limit allowed by BOP policy that were not mailed out would be destroyed. In order to prevent my important legal materials from being destroyed, my attorneys sent me the funds to cover the cost of shipping three banker's boxes of legal materials to my attorney. This is not what I wanted to do, but I felt I had no choice. So, on September 11, 2012, I sent the three

boxes of legal materials to attorney Margaret O'Donnell, but she

only ever received two of the boxes, and one of the boxes that

arrived was clearly not in the original box in which it had been

packed. On September 20, 2012, I started receiving individual

pieces of old mail which I knew had been in one of the boxes I had

sent out. The BOP never apologized or provided an explanation

about what had happened to my legal materials.

I declare under the penalty of perjury that the preceding is true and correct to

the best of my knowledge.

Jurijus Kadamovas

Dated: 29 TH October 2018

4

JK. RECIEVED 5 JULE 06 AT 4:34 PM

LeGal Mail

LeGal Mail

LeGal Mail

OPEN IN PResence OR INMATE

IT NOT WAS OPENED IN MY PRESENCE!

FROM

RICHARD P. LASTING
ATTORNEY AT LAW
1717 FOURTH STREET, THIRD FLOOR
SANTA MONICA, CALIFORNIA 90401.

TO
JURIJUS KADAMOVAS
MDC. # 21050-112
P.O. Box 1500,
Los Angeles, CA
90053-1500

RECEIVED
INMATE SYSTEMS DEPARTMENT
MDC. LOS ANGELES, CA 90012
JUN 30 2006

DATE RECEIVED
DATE IN / DATE OUT
DATE IN / DATE OUT

INMATE SIGNATURE
COUNSELOR
MAIL ROOM

JK. RECEIVED 5 JULE 06 AT 4:34

**LAW OFFICES OF RICHARD P LASTING**
1717 FOURTH STREET, 3ᴿᴰ FLOOR
SANTA MONICA, CA 90401-3319

TELEPHONE: (310) 576-6242                    FACSIMILE: (310) 576-6247

# TRANSMITTAL



## *LEGAL MAIL: ATTORNEY CLIENT-PRIVILEGED*

TO:         Jurijus Kadamovas
            #21050-112
            Metropolitan Detention Center
            P.O. Box 1500
            Los Angeles, CA 90053-1500

            *POSTAGE RECEIVED FEB 22.05*

FROM:       Christina Larson Gits/Richard P. Lasting, Esq.

DATE:       February 18, 2005   *28 FEBU.   3:45 PM*

RE:         *United States v. Kadamovas*, Case No. CR 02-220 (A)-NM

ENCLOSURES:   (1)   The pages of discovery which you requested (3 copies, hole-punched).
              (2)   The pages of discovery which you requested in our meeting of yesterday, February 17.
              (3)   A language wheel (verbs) to assist you in understanding the documents written in English, and in communicating with us when a translator is not available.
              (4)   Post-it notes, post-it flags and colored pencils, to replace the items you are out of.
              (5)   Copies of the "clock" charts   ✓

COMMENTS:     I plan on seeing you Wednesday morning, the 23ʳᵈ of February.

METROPOLITAN
DETENTION CENTER

2005 FEB 24  AM 8: 34

*J.K. RECEIVED 28 FEB 05 AT 3:45 PM
WAS ALREADY OPENED,
NOT IN MY PRESENCE*

RICHARD P. LASTING
ATTORNEY AT LAW
1717 FOURTH STREET, THIRD FLOOR
SANTA MONICA, CALIFORNIA 90401
TELEPHONE (310) 576-6242
FAX (310) 576-6247

June 27, 2006

Jurijus Kadamovas
Registration # 21050-112
P.O. Box 1500
Los Angeles, CA 90053-1500

Dear Mr. Kadamovas:

Enclosed please find copies of recently obtained case discovery.

I trust you will get this without delay.

Yours truly,

Richard P. Lasting

## O'Connor and Kirby, P.C.
**Attorneys at Law**
174 Battery St., 3d floor
Burlington, VT 05401

DAVID V. KIRBY
Admitted in NY, VT and IL
BARBARA E. O'CONNOR
Admitted in NY, VT, CT and CA

(802) 863-0112
(802) 865-5980 (facsimile)

October 8, 2008

Mr. Michael L. Benov
Warden
Metropolitan Detention Center
535 No. Alameda St.
Los Angeles, CA 90012

Re:   <u>United States v. Kadamovas</u>
      CA No. 07-99009; CR No. 02-220-DT

Dear Warden Benov:

I was appointed by the Ninth Circuit Court of Appeals to represent Jurijus Kadamovas, Reg. No. 21050-112, a federal inmate previously housed at the Metropolitan Detention Center during his trial in United States District Court for the Central District of California in Los Angeles.

I am writing to request copies of the mail logs for Mr. Kadamovas during his period of confinement at MDC, specifically logs reflecting any and all correspondence received or sent on February 28, 2005 and on July 5, 2006. I believe the journal of mail received and sent was kept with regard to both legal mail and non-legal mail and I am requesting copies of all journals and or logs reflecting any entries for those dates.

Please contact me if you have any questions or require any additional information.

Thank you for your cooperation.

Sincerely,

Barbara E. O'Connor

cc:   Ben Coleman
      Chrissie Gits
      J. Kadamovas

**O'Connor and Kirby, P.C.**
**Attorneys at Law**
174 Battery St., 3d floor
Burlington, VT 05401

DAVID V. KIRBY
Admitted in NY, VT and IL
BARBARA E. O'CONNOR
Admitted in NY, VT, CT and CA

(802) 863-0112
(802) 865-5980 (facsimile)

January 8, 2009

VIA REGISTERED MAIL
Mr. Michael L. Benov
Warden
Metropolitan Detention Center
535 No. Alameda St.
Los Angeles, CA 90012

Re:   United States v. Kadamovas
      CA No. 07-99009; CR No. 02-220-DT

Dear Warden Benov:

In October of last year, I wrote requesting copies of certain mail logs regarding my client, Jurijus Kadamovas. I have not received a reply from you.

I was appointed by the Ninth Circuit Court of Appeals to represent Mr. Kadamovas, Reg. No. 21050-112, a federal inmate previously housed at the Metropolitan Detention Center during his trial in United States District Court for the Central District of California in Los Angeles.

I write to again request copies of the mail logs kept for Mr. Kadamovas during his period of confinement at MDC, specifically logs reflecting any and all correspondence received or sent on February 28, 2005 and on July 5, 2006. I believe the journal of mail received and sent was kept with regard to both legal mail and non-legal mail and I am requesting copies of all journals and or logs

reflecting any entries for those dates.

Please contact me if you have any questions or require any additional information or if you decline this request so that I can pursue other remedies.

Thank you for your cooperation.

Sincerely,

Barbara E. O'Connor

cc:    Ben Coleman
       Chrissie Gits
       J. Kadamovas

# O'Connor and Kirby, P.C.
## Attorneys at Law
174 Battery St., 3d floor
Burlington, VT 05401

DAVID V. KIRBY
Admitted in NY, VT and IL
BARBARA E. O'CONNOR
Admitted in NY, VT, CT and CA

(802) 863-0112
(802) 865-5980 (facsimile)

January 27, 2009

VIA REGISTERED MAIL
Ms. Wanda M. Hunt, Chief, FOIA/PA Section
FOIA/Privacy Act Requests
Federal Bureau of Prisons
Department of Justice
Room 841, HOLC Building
320 First St., N.W.
Washington, D.C. 20534

Re:   United States v. Kadamovas
        CA No. 07-99009; CR No. 02-220-DT

Dear Ms. Hunt:

I was appointed by the Ninth Circuit Court of Appeals to represent Jurijus Kadamovas, Reg. No. 21050-112, a federal inmate previously housed at the Metropolitan Detention Center during his trial in United States District Court for the Central District of California in Los Angeles.

As advised by Steve Gagliardi, Case Management Coordinator at MDC/L.A., I am writing to request copies of the mail logs kept for Mr. Kadamovas during his period of confinement at MDC, specifically logs reflecting any and all correspondence received or sent during the period from February 1, 2005 through February 28,2005 and from July 1, 2006 through July 30, 2006. I believe the journal of mail received and sent was kept with regard to both legal mail and

non-legal mail and I am requesting copies of all journals and or logs reflecting any entries for those dates.

Please contact me if you have any questions or require any additional information.

Thank you for your cooperation.

Sincerely,

Barbara E. O'Connor

cc:   Ben Coleman
      Chrissie Gits
      J. Kadamovas