UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

JURIJUS KADAMOVOS,                     )
                                       )
                  Petitioner,          )
                                       )
        v.                             )      No. 2:19-cv-00540-JPH-MJD
                                       )
T. J. WATSON,                          )
                                       )
                  Respondent.          )

**Order Directing Petitioner to Show Cause**

Petitioner Jurijus Kadamovos is a federal death row inmate incarcerated in the United States Penitentiary in Terre Haute, Indiana.  Mr. Kadamovos was convicted in the United States District Court for the Central District of California of several federal crimes related to the kidnapping and killing of five people in 2001 and 2002.  He was sentenced to death.

The Ninth Circuit affirmed Mr. Kadamovos' convictions and death sentence on May 9, 2018.  *See United States v. Mikhel*, 889 F.3d 1003 (9th Cir. 2018).  Mr. Kadamovos' petition for certiorari was denied by the United States Supreme Court on October 7, 2019.  Proceeding pro se, Mr. Kadamovos filed the instant habeas action pursuant to 28 U.S.C. § 2241 on November 8, 2019.

In his habeas petition, Mr. Kadamovos raises several claims.  His claims do not directly challenge the validity of his convictions or sentence, but Mr. Kadamovos says they relate to his ability to pursue such challenges under 28 U.S.C. § 2255.  For example, he states that his legal mail is opened outside his presence and that prison officials allowed discovery materials from his trial to be

destroyed in violation of his First Amendment rights. And he contends that the conditions on death row violate his Eighth Amendment rights. Ultimately, Mr. Kadamovos maintains that these constitutional violations make it "literally impossible" for him to effectively pursue § 2255 relief. Dkt. 1 at 6.

"As a general rule, a federal prisoner wishing to collaterally attack his conviction or sentence must do so under § 2255." *Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019). Congress created within § 2255 a narrow exception to the "general rule" that requires a federal prisoner to bring a collateral attack under § 2255—the Savings Clause. Under the Savings Clause, a prisoner can seek a writ of habeas corpus through an action under § 2241 if the prisoner can show "that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Consistent with the "general rule," the Savings Clause "steers almost all prisoner challenges to their convictions and sentences toward § 2255" and away from § 2241. *Shepherd*, 911 F.3d 861, 862 (7th Cir. 2018).

It does not appear that Mr. Kadamovos can meet the requirements of the Savings Clause and proceed under § 2241. Mr. Kadamovos has not yet challenged his conviction or sentence via § 2255. Mr. Kadamovos says that the interference with his attorney-client communications, the destruction of his discovery materials, and the conditions on death row prevent him from effectively pursuing § 2255 relief. But this does not make § 2241 available in the circumstances presented.

First, Mr. Kadamovos litigated and lost many of these claims in civil rights actions in this Court. *See Kadamovos v. Lockett, et al.*, No. 2:11-cv-00258-WTL-MJD, Dkt. 150 (granting summary judgment to the defendants on Mr. Kadamovos' First Amendment claim regarding the destruction of his discovery materials); *see also Kadamovos v. Caraway, et al.*, No. 2:14-cv-00179-WTL-WGH, Dkts. 6, 11; *Kadamovos v. Siereveld*, No. 2:18-cv-00490-JRS-MJD. Second, on July 18, 2019, the United States District Court for the Central District of California appointed Mr. Kadamovos counsel to pursue § 2255 relief. *See United States v. Kadamovos*, No. 2:02-cr-00220-DT (C.D. Cal.), Dkt. 2330. Nothing prevents appointed counsel from raising concerns about counsel's ability to confidentially communicate with Mr. Kadamovos to the Court in which § 2255 relief can be sought. Third, and most importantly, Mr. Kadamovos has not pointed to, nor is the Court aware of, any legal authority permitting use of § 2241 when § 2255 remains an available avenue for relief.

For these reasons, Mr. Kadamovos has until **February 21, 2020**, to show cause why this action should not be dismissed with prejudice as barred by the Savings Clause, 28 U.S.C. § 2255(e).

**SO ORDERED.**

Date: 1/16/2020

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JURIJUS KADAMOVOS
21050-112
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808