UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

FILED

FEB 5 2020

U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

Jurijus Kadamovas

PETITIONER,

T. J. Watson
WARDEN UNITED STATES
PENITENTIARY, TERRE HAUTE
(U.S.P),

RESPONDENT.

CAUSE NO:
2:19-cv-00540-JPH-MJD

PETITIONER'S RESPONSE TO COURT ORDER DIRECTING PETITIONER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITH PREJUDICE AS BARRED BY THE SAVING CLAUSE 28 U.S.C. §2255 (E) FILED 01/16/20 AS Doc. No: 3.

Comes the petitioner Jurijus Kadamovas, pro se, and for this cause of action states as follows:

# INTRODUCTION

I AM A LITHUANIAN CITIZEN CONVICTED OF FEDERAL OFFENSES IN THE CENTRAL DISTRICT OF CALIFORNIA AND SENTENCED TO DEATH FOR CRIMES I DID NOT COMMIT. I AM THE ONLY EUROPEAN NATIONAL ON FEDERAL DEATH ROW.

IT IS IMPORTANT FOR THIS COURT TO UNDERSTAND THE PRECISE NATURE OF MY PROBLEMS AT MY TRIAL AND AFTER.

MY TRIAL WAS NOT CONDUCTED IN A FAIR MANNER AND WAS FILLED WITH FALSE TESTIMONY AND MISLEADING ARGUMENTS. I WAS WRONGLY CON-VICTED BECAUSE, AT THE TIME OF MY ARREST, I COULD SPEAK NO ENGLISH AND ALMOST ALL THE EVIDENCE AND DISCOVERY WAS IN ENGLISH AND NOT TRANS-LATED, NOR DID I HAVE ADEQUATE ACCESS TO WORK ON IT. WITHOUT GOOD ENGLISH AND ACCESS TO THE DISCOVERY, I COULD NOT WORK WITH MY INVESTI-GATORS OR HELP CHALLENGE THE EVIDENCE. AS AN EXAMPLE OF THE UNFAIRNESS OF MY TRIAL, I ATTACH THE TRANSCRIPT FROM MY SENTENCING HEARING ON MARCH 12, 2007 (SEE EXIBIT 1), SENTENCING TRANSCRIPT. MY LAWYER TRIED TO POINT OUT TO THE JUDGE THAT, WHILE THERE MIGHT BE "OVERWHELMING EVIDENCE" OF GUILT AGAINST

MY CO-DEFENDANT, IOURY MIKHEL, THERE WAS NO SUCH OVERWHELMING EVIDENCE AGAINST ME. NO ONE WAS ABLE TO DISTINGUISH MY CASE FROM MY CO-DEFENDANT'S — NOT THE JUDGE, THE JURY, THE APPELLATE COURT OR EVEN THE PRESS. I WAS DENIED INDIVIDUAL CONSIDERATION AND EVEN DENIED A SEPARATE TRIAL. AS MY LAWYER STATED,

... THE GOVERNMENT RELIES EXCLUSIVELY ON THE TESTIMONY OF COOPERATING WITNESSES, AS THEY REFER TO THEM... THERE IS NOT ONE PIECE OF PHYSICAL EVIDENCE; THERE IS NOT ONE PIECE OF SCIENTIFIC EVIDENCE THAT TIES MR. KADAMOVAS TO THE KILLING OF ANYONE. THERE IS NOT ANY DNA EVIDENCE; THERE IS NOT ANY EVIDENCE WHICH IMPLICATES HIM IN PHYSICALLY COMMITTING A MURDER. (EXHIBIT I AT 10-12.)

LATER DURING THE SAME HEARING, I TRIED TO EXPLAIN THE UNFAIRNESS AGAIN TO THE JUDGE,

... I WOULD LIKE TO SAY THAT THE TRIAL WASN'T FAIR. IT WASN'T FAIR FOR AT LEAST TWO REASONS. THE FIRST REASON IS THAT ONE OF MY ATTORNEYS, MS. CHAHIN, WASN'T READY FOR THE TRIAL. SHE JOINED THE CASE ONLY HALF A YEAR BEFORE THE PROCEEDINGS STARTED, AND SHE ADMITTED HERSELF THAT SHE CANNOT DEFEND ME BECAUSE SHE WAS NOT FAMILIAR WITH THE CASE ENOUGH. AND THE

3.

SECOND REASON, AND MAYBE THE MOST IMPORTANT REASON FOR ME, IS THAT I WAS'T GIVEN AN OPPORTUNITY TO PREPARE MYSELF FOR THE TRILE. I DIDN'T HAVE AN OPPORTUNITY TO FAMILIARIZE MYSELF WITH THE FACTS OF THE CASE. AT THIS MOMENT, I KNOW ONLY ABOUT 15 PERCENT OF THE DISCOVERY THAT WAS INTRODUCED IN THIS CASE. IF I AM NOT MISTAKEN, THE DISCOVERY CONTAINS SOMEWHERE BETWEEN 85 AND 90,000 PAGES, AND THERE ARE ALSO A LOT OF OTHER VIDEO, AUDIO AND COMPUTER MATERIALS WITH INFORMATION... THE FACT THAT I DIA'T HAVE AN OPPORTUNITY TO FAMILIARIZE MYSELF WITH THOSE MATERIALS CAUSED THE FACT THAT I WAS'T ABLE TO DISCUSS THOSE FACTS WITH MY DEFENSE ATTORNET... I WAS NOT ABLE TO READ THE MATERIALS IN MY TIME.... THE ATTORNEYS DID NOT NOTICE THOSE FACTS IN THE MATERIALS OF THE CASE... THE GOVERNMENT AND FBI WERE INVOLVED IN DIRECT CONTERFEITING OF THE MATERIALS AND CHANGING THE FACTS TO FEED THEIR CASE. (EXHIBIT 1 AT 30-40) I THEN WENT ON TO PROVIDE A CONCRETE EXAMPLES TO THE JUDGE OF THE WAY ERRONEOUS - FALSE EVIDENCE WAS INTRODUCED, "EVIDENCE" I COULD NOT CHALLENGE BECAUSE OF MY INABILITY TO REVIEW THE DISCOVERY AND EVIDENCE CHARTS ADEQUATELY, AND

4.

TO DESCRIBE MY INABILITY TO REVIEW THE DISCOVERY, AND TO SHARE THAT INFORMATION WITH MY ATTORNEYS BECAUSE BY THE TIME I GOT ACCES TO MY DISCOVERY AND LAPTOP WITH TRANSCATION SOFTWARE, THEY WERE TOO BUSY IN TRIAL EVERY DAY. THE JUDGE CUT ME OFF. BEFORE I COULD FINISH, THE JUDGE STOPPED ME; "I'M GOING TO HAVE TO ASK YOU TO WRAP UP HERE, BECAUSE YOU'RE JUST WANDERING AND COMPLAINING AND NOT ADDRESSING WHAT I ASKED YOU." (EXHIBIT I AT 35-40)

LATER, WHEN I ALREADY WAS ON DEATH ROW IN TERRE HAUT, I FILE "MOTION TO NEFARIOUS ACTS BY THE GOVERNMENT AND PRISON OFFICIALS IN RELATION J. KADAMOUAS LEGAL, DISCOVERY MATERIALS AND TRIAL TRANSCRIPTS" AND TRIED TO POINT OUT TO NINE CIRCUIT COURT OF APPEALS SOME ISSUES RELATED TO NEFARIOUS ACTS BY GOVERNMENT AND THE BOP OFFICIALS. AMONG THEM,

8) WHEN I WAS ALLOWED BY JUDGE TAURIZIAN TO HAVE A LAPTOP COMPUTER IN MY CELL I FINDED MANY MISSTATEMENTS IN THE PROSECUTION'S EXHIBITS.

9) AS A RESULT OF WORKING ON THE CASE WITH LAPTOP COMPUTER, I FOUND ABOUT 47 "MISTAKES" IN THE EXHIBITS OF THE OPPOSING PARTY WHICH SHOWED TO JURY. THE GOVERNMENT CHANGED

THE FACTS IN THE EVIDENCE THAT NEGATIVELY AFFE-CTED MY DEFENSE. (SEE EXHIBIT 2 AT 1-6)

Now THE PROSECUTORS KNOW THAT I CAN PROVE THAT THE PROSECUTORS CREATED FALSE EVIDENCE AND SHOWED FALSE EXHIBITS TO JURY. I BELIVE THAT THE ON-GOING LOSS OF MY LEGAL MATERIALS EXPLAINED IN MY 2241 PETITION AND NEFARIOUS ACTS OF THE GOVERNMENT AND THE BOP OFFICIALS ARE INTENTIONAL ACTS INTENDED TO COVER UP PROSECUTORIAL MISCONDUCT AND STOP ME FROM CHALLENGING MY CONVICTION AND DEATH SENTE-NCE BASED ON ACTUAL INNOCENCE CLAIM AND ON OTHER GROUNDS.

## KADAMOVAS's PETITION SHOULD NOT BE DISMISSED BASED ON EXCEPTIONAL CIRCUMSTANCES AND OTHER GROUNDS

AMONG THE SPECIAL OR EXCEPTIONAL CIRCUMS-TANCES;

A) THE LOSS OVER THE YEARS, SIGNIFICANT PART OF THE LEGAL MATERIALS AND WORK PRODUCTS ON CD's, DVD's EXTERNAL HARD DRIVES AND PAPERS. SEE PETITION AT 9-26.

B) THE BOP DENIED ME MY RIGHT TO ATTORNEY,

6.

STRIPING MY RIGHT TO ATTORNEY-CLIENT PROTECTED COMMUNICATIONS AND CONFIDENTIALITY BY OPENING (SINCE 2004) AND REVIEWED AS WELL AS READING COPYING, KEEPING IN THER POSITION AND THEN PRODUCING COPIES OF DOCUMENTS AND WORK PRODUCT ESSENTIAL FOR MY CHALLENGE MY CONVICTION TO THE PROSECUTORS IN Los Angeles. (SEE PETITION AT 9-26.)

C.) THE BOP DENYING ME MININGFUL ACCESS TO MY LEGAL DOCUMMENTS AND MY LAPTOP WITH ALL NECESSARY SOFTWARE, INCLUDE TRANSLATION SOFTWARE NECESSARY TO WORK ON MY APPEALS.

D) TORTUROUS CONDITIONS IN SOLITARY CONFINEMENT PREVENTING ME FROM OBTAIN HELP FROM OTHER INMATES AND INFLICTED UNNECESSARY AND WANTON PSYCHOLOGICAL AND EMOTIONAL PAIN. (SEE PETITION AT 29-31) I WAS NOT SENTENCED TO INDEFINITE SOLITARY CONFINEMENT, (SEE EXIBIT 1 SENTENCING ON JURY VERDICT, AT 43-44) I CHALLENGE THE FACT AND DURATION OF MY CONFINEMENT AS A DENIAL OF EQUAL PROTECTION OF THE LAWS, AND OTHER GROUNDS.

IN THE ORDER DIRECTING PETITIONER TO SHOW CAUSE, COURT STAT: "THIRD, AND MOST IMPORTANTLY, MR. KADAMOUAS HAS NOT POINTED TO, NOR IS THE COURT AWARE OF, ANY LEGAL AUTHORITY PERMITING

7.

USE OF § 2241 WHEN § 2255 REMAINS AN AVAILABLE AVENUE FOR RELIEF.

I AM APOLOGISE. BY ALL MEANS, I AM NOT AN ATTORNEY, AND SURELY CANNOT ARGUE AS ONE. MY ENGLISH STILL NOT THAT GOOD, AND I DO STRABCE TO UNDERSTANT COURT LANGUAGE AND ALL RULES. BECAUSE OF MY CONFINEMENT, NO ONE CAN HELP ME, I HAVE ONLY ONE HOUR A DAY IN LAW LIBRARY AND THE MATERIALS AND ASSISTANCE IN THE SCU UNIT LIBRARY, REMAIN INADEQUATE FOR NON-ENGLISH SPEAKERS, BUT I WILL DO MY VERY BEST.

AS I HAVE EXPLAIN ABOVE IN A, B, C, AND D, I WILL NOT HAVE MY LEGAL DOCUMENTS, AND WITHOUT PROTECTED ATTORNEY-CLIENT COMMUNICATIONS AND CONFIDENTIALITY, I CAN NOT AND WILL NOT HAVE AN ATTORNEY. <u>IT IS LIKE BUILD A HAUSE WITHOUT A BLUEPRINTS, CONSTRUCTOR WORKERS, AND BUILDING MATERIALS, IN A FOREIGN COUNTRY WHEN YOU DON'T KNOW CITY CODE AND LANGUAGE! WHO WILL BE ABLE TO DO IT?</u>

IN THE COURT ORDER I FIND CASE, SHEPHERD, 911 F. 3d 861, 862 (7TH CIR. 2018) IT STAY: SECTION 2255 (E) STREETS <u>ALMOST ALL PRISONERS</u> CHALLENGES TO THER CONVICTIONS AND SENTENCES TOWARD 2255, <u>BUT IT RECOGNIZES AN EXCEPTION.</u> A HABEAS CORPUS

8.

PETITION UNDER 28 U.S.C.S §2241 MAY BE ALLOWED IF THE PRISONER CAN SHOW THAT THE REMEDY BY MOTION UNDER §2255 IS INADEQUATE OR INEFFECTIVE TO TEST THE LEGALITY OF HIS DETENTION.

# LEGAL AUTHORITY
## CAUSES

1) SEE BEASON v. MARSKE, 926 F.3d 932 (7TH CIR. 2019.) AS A GENERAL MATTER, 28 U.S.C.S 2255 PROVIDES THE EXCLUSIVE MEANS FOR A FEDERAL PRISONER TO COLLATERALLY ATTACK HIS CONVICTION OR SENTENCE. BUT THE SAVING CLAUSE IN §2255(E) PRESERVES AND AUTHORIZES ACCESS TO TRADITIONAL HABEAS CORPUS RELIEF UNDER 28 U.S.C.S 2241 IF THE REMEDY AVAILABLE UNDER 2255 WAS INADEQUATE OR INEFFECTIVE TO TEST THE LEGALITY OF HIS DETENTION. WHETHER §2255 WAS INADEQUATE OR INEFFECTIVE DEPENDS ON WHETHER A PROCEEDING UNDER THAT SECTION AFFORDED THE PETITIONER A REASONABLE OPPORTUNITY TO OBTAIN A RELIABLE JUDICIAL DETERMINATION OF THE FUNDAMENTAL LEGALITY OF HIS CONVICTION AND SENTENCE.

2) GARZA v. LAPPIN, 253 F.3d 918 (7TH CIR. 2001) THIS CASE IS THE DEATH PENALTY CASE FROM THIS SAME COURT IN TERRE HAUTE DIVISION, APPEALED TO 7TH CIRCUIT. IN UNUSUAL CASE, HABEAS PETITION

9.

WAS NOT AN IMPERMISSIBLE SUCCESSIVE PETITION, COURT STATE, THE INMATE WAS ENTITLED TO REQUEST HABEAS RELIEF UNDER 28 U.S.CS. 2241, HOWEVER, NO STAY OF EXECUTION WAS WARRANTED SINCE THE INMATE FAILED TO SHOW ANY SUBSTANTIAL GROUND FOR RELIEF.

FURTHER COURT STATE:

28 U.S.C.S. 2255 CONTAINS A PROVISION WHICH BARS PRISONERS FROM FILING SECOND OR SUCCESSIVE § 2255 PETITIONS EXCEPT IN TWO NARROW CIRCUMSTANCES: 1) WHEN NEWLY DISCOVERED EVIDENCE WOULD ESTABLISH BY CLEAR AND CONVINCING EVIDENCE THAT THE PRISONER IS NOT GUILTY OF THE OFFENSE FOR WHICH HE WAS CONVICTED. OR 2) ....

IN MY CASE THE BOP OFFICIALS DESTROYED EVIDANCE WITH CAN CLEAR AND CONVINCING ESTABLISHED THAT I AM NOT GUILTY, AND BECAUSE I WILL BE NOT BE ABLE TO HAVE AN ATTORNEY OR INVESTIGATORS THEN HOW I CAN DISCOVER A NEW EVIDANCE?

FURTHER COURT OF APPEALS STATE:

... NEVERTHELESS, THERE MIGHT BE RARE CIRCUMSTANCES IN WHICH THE OPERATION OF THE SUCCESSIVE PETITION RULES ABSOLUTELY PREVENTED THE PETITIONER FROM EVER HAVING AN OPPORTUNITY TO RAISE A CHALLENGE TO THE LEGALITY OF HIS SENTENCE. IN SUCH A CASE, 28 USCS. 2255 WOULD BE GENUINELY

<u>INADEQUATE OR INEFFECTIVE TO TEST THE LEGALITY OF
HIS DETENTION.</u>

I DO BELIVE THAT MY CASE PRESENT THIS RARE
CIRCUMSTANCES WHICH ABSOLUTELY PREVENTING ME
FROM EVER HAVING AN OPPORTUNITY TO RAISE A
CHALLENGE TO THE LEGALITY OF MY SENTENCE IN
2255 APPEALS.

3) <u>SEE TRIESTMAN V. U.S. 124 F.3d 361 (2ᵈ CIR. 1997)</u>
THE SECOND CIRCUIT DECIDED THAT THE PETITIONER
IS ENTITLED TO SEEK A WRIT OF HABEAS CORPUS PURSUANT
TO 28 U.S.C. §2241 (c) (3), HE WAS ENTITLED TO RAISE
HIS CLAIM OF ACTUAL INNOCENCE IN A PETITION FOR
A WRIT OF HABEAS CORPUS.
THE SECOND CIRCUIT STATE:

SERIOUS CONSTITUTIONAL QUESTIONS WOULD ARISE
IF A PERSON WHO CAN PROVE HIS ACTUAL INNOCENCE
ON THE EXISTING RECORD -- AND WHO COULD NOT HAVE
EFFECTIVELY RAISED HIS CLAIM OF INNOCENCE AT AN
EARLIER TIME -- HAD NO ACCESS TO JUDICIAL REVIEW.
ACCORDINGLY, WHERE RELIEF UNDER 28 U.S.C. §2255
IS NO LONGER AVAILABLE, A PRISONER IN THIS SITU-
ATION IS ENTITLED TO SEEK A WRIT OF HABEAS COR-
PUS PURSUANT TO 28 U.S.C. 2241.
ALSO SEE <u>POINDEXTER V. NASH, 333 F.3d 372, 278</u>
<u>(2ᵈ CIR. 2003)</u> (THE COURT ALLOWS AN ACTUAL-
INNOCENCE CLAIM UNDER SAVING CLAUSE) AND

II.

BROWN v. CARAWAY, 719 F.3d 583, 586-87 (7TH CIR. 2013) (SAME)

## SOLITARY CONFINEMENT
### CAUSE

4) SEE GRAHAM v. BROGLIN, 922 F.2d 379, 381 (7TH CIR. 1991) (PRISONERS MAY USE HABEAS CORPUS PETITIONS TO CHALLENGE THE DURATION OR FACT OF THEIR CONFINEMENT.

7TH CIRCUIT STATE:

IF THE PRISONER IS SEEKING WHAT CAN FAIRLY BE DESCRIBED AS A QUANTUM CHANGE IN THE LEVEL OF CUSTODY -- WHETHER OUTRIGHT FREEDOM, OR FREEDOM SUBJECT TO THE LIMITED REPORTING AND FINANCIAL CONSTRAINS OF BOND OR PAROLE OR PROBATION, OR THE RUN OF THE PRISON IN CONTRAST TO THE APPROXIMATION TO SOLITARY CONFINEMENT THAT IS DISCIPLINARY SEGREGATION -- THEN HABEAS CORPUS IS HIS REMEDY.

(AND AT PAGE 4.) FINALLY, WE HELD IN McCOLLUM THAT A PRISONER CAN USE HABEAS CORPUS TO GET OUT OF DISCIPLINARY SEGREGATION AND INTO THE REGULAR PRISON ENVIRONMENT, WICH IS "FREER" BUT OF COURSE STILL CUSTODIAL. YET THE LENGTH OF HIS PRISON TERM IS NOT AFFECTED.

AS I HAVE MENTION BEFORE, I DO CHALLENGE

12.

THE FACT AND DURATION OF MY MORE THEN 17 YEARS IN SOLITARY CONFINEMENT EVEN SO I WAS NOT SENTENCE TO IT, NOR I ---- COMMIT ANY CRIMES INSIDE A PRISON TO BE PUNISHED BY SUCH A TORTURE! THE BOP ITSELF HAS RECOGNIZED I AM NOT A VIOLENT PERSON OR DIFFICULT PRISONER BY THE FACT THAT, IN FEBRUARY 2014, I WAS TRANSFERRED FROM PHASE 1 TO PHASE 2 WITH MORE PRIVILEGES, AND ON NOVEMBER 2019 ISSUED REPORT THAT INDICATE, MY RECIDIVISM RISK LEVEL IS MINIMUM.

THE NEGATIVE PHYSICAL AND MENTAL EFFECTS OF LONG-TERM SOLITARY CONFINEMENT ON DEATH ROW HAVE BEEN DOCUMENTED. SEE DAVIS V. AYALA, 135 S. CT 2187, 2208-10 (2015) (KENNEDY, J., CONCURRING). SUCH LONG-TERM SOLITARY CONFINEMENT CAUSES MANY DEATH-ROW PRISONERS TO DROP APPEALS OR COMMIT SUICIDE SEE GLOSSIP V. GROSS 135 S. CT. 2726, 2765-67 (2015) (BREYER, J., DISSENTING)

SOLITARY CONFINEMENT IS TORTURE, CRUEL AND INHUMAN DEGRADING TREATMENT OR PUNISHMENT VIOLATE 8 AMMENDMENT OF THE U.S. CONSTITUTION AND INTERNATIONAL LAW AND IT MUST BE STOP IN THE U.S. WHO CLAIM CHAMPION OF THE HUMAN RIGHTS. (SEE MY PETITION AT 4-5.)

13.

# CONCLUSION

It is my hope that this my response to Court Order will sufficiently show cause why my petition should not be dismissed. See also Petition, Conclusion at 35-38.

Therefore, for all the foregoing reasons petitioner Kadamovas asks this Court to:

1) Hold that Petitioner has satisfied the jurisdictional requirements and Cause for proceeding under 28 U.S.C. § 2241.

2) Following any evidentiary hearing that this Court deems necessary, vacate Kadamovas's conviction and sentence and grant a new trial, as well as vacate his solitary confinement status.

Dated 27 January 2020

Respectfully Submitted

By, _Kadamovas_

Jurijus Kadamovas
# 21050-112
U.S.P. Terre Haute
P.O. Box 33
Terre Haute, IN 47808

14.