# Exhibit 5

CA No. 07-99009
CR No. 02-220-DT

## IN THE UNITED STATES COURT OF APPEALS

### FOR THE NINTH CIRCUIT

R E C E I V E D
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUL 2 4 2009

FILED _____ _____
DOCKETED _____ _____
DATE          INITIAL

UNITED STATES OF AMERICA,
Plaintiff-Appellee,
v.
JURIJUS KADAMOVAS,
Defendant-Appellant

---

### MOTION TO PROCEED PRO SE

---

### APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE CENTAL DISTRICT OF CALIFORNIA

Honorable Dickran Tevrizian,
United States District Judge, Presiding

---

This is a pro se motion to the court, written by someone else on the behalf and with permission, and assistance of Jurijus Kadamovas. The basis of this motion is to address issues that directly effect my pending appeal, and could effect further appeals if left unheard by this court. I plead for the courts assistance in resolving the issues that will be mentioned.

**1)** The first issue that I'd like to bring to this courts attention, is my being denied "Access to the Courts", by Prison Officials here at FCC-Terre Haute, in the Special Confinement Unit. (SCU)

**A)** Because of my very limited ability to speak the English language, and my even more limited ability to read or write the English language, I've been unable to assist my attorneys on my case.

(1)

**B)** I've asked the prison to help me translate the books, and/or programs that the prison provides that would allow me to learn the law and properly help my attorneys on my case.

**C)** I can't read the basic legal materials; such as F.R.C.P., U.S. Supreme Court case law, District Court case law, and Appeals Court case law.

**D)** The prison has the LEXIS/NEXIS program set up on the law libary computer that provides all the legal thing that I need, but because its in English; I can't understand any of it.

2)

**2)** I need attorneys who not only understand Russian, (my native language) but I'd like to replace the attorneys I have for some who not only read and speak Russian, but also attorneys who will take my case seriously.

**A)** I've stressed my innocence to my attorneys, but they have yet to take steps to investigate areas in my case that could effect my direct appeal.

**B)**-My attorneys and I have a conflict of intrest on what strategy(s) we will use to fight my case.

**C)** My attorneys haven't made every step to at least get me a copy of my trial transcripts or my F.B.I. 302's translated in Russian. (I also need my Grand Jury transcripts)

In no way can I properly present a direct appeal without me having the things mentioned in this motion.

I plead with the court to have a hearing or phone/video conference with an interpreter who can help me understand what's going on and whats being said. Due to the circumstances mentioned, I feel my only course of action is to file this motion with this court.

Dated: July 15th, 2009

Respectfully Submitted,

Jurijus Kadamovas
#21050-112

(2)

DATE: JULY 15TH, 2009

FROM: JURIJUS KADAMOVAS
      #21050-112
      P.O. BOX 33
      TERRE HAUTE, IN. 47808

TO: CLERK OF THE COURT
    9TH CIRCUIT COURT
    CA. CENTRAL DISTRICT COURT
    G-8 UNITED STATES COURTHOUSE
    312 NORTH SPRING STREET
    LOS ANGELES, CA. 90012-4701

RE: SUBMISSION AND COPIES
    OF MOTION TO THE COURT


Dear Clerk of the Court,

I am writting this letter with assistence from a Inmate Legal Aid here at the prison. The reason for writting this letter to you is to inform you why I'm only sending you one copy, out of fear of retailiation by Prison Officials, I have no way of making extra copies since I have to ask the Prison Officials here to make copies. I'm afraid that they will lose my motion and/or take steps and measures aginst me for filing such a motion with this court with the mention of them in it.

Further, I can not rely on my attorneys since this motion is about them as well and that they might do the same as the Prison Officials that I mentioned above. I am hoping you will take pity on me and my situtation and allow me to file this with the court even though it does not meet your standards.

Furthermore, if you will be kind enough; can you please send me a copy with the file stamp on it as well. I understand that you do not have to do this, but please see it from my point of veiw with the circumstances that I must deal with currently. Thank you for your time to this matter.

Sincerley,

Jurijus Kadamovas
#21050-112

**FILED**

UNITED STATES COURT OF APPEALS

JUL 29 2009

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff-Appellee,<br><br>v.<br><br>JURIJUS KADAMOVAS,<br><br>                Defendant-Appellant. | No. 07-99009<br><br>D.C. No. 2:02-cr-00220-DT<br>Central District of California<br><br>ORDER |

Before:  Peter L. Shaw, Appellate Commissioner

The Court on July 24, 2009 received Appellant's pro se Motion To Proceed Pro Se.  The motion, "written by someone else on the behalf and with permission, and assistance" of Appellant, alleges a conflict of interest with current counsel and requests that new attorneys be appointed who speak Russian.  Because Appellant is represented by counsel, only counsel may file motions, and the court will not consider the pro se motion.

The Clerk's Office shall serve copies of the pro se  motion on Appellant's counsel of record and on Appellee.  Appellant's counsel shall consult with Appellant and shall file a response to Appellant's pro se motion for new counsel by August 31, 2009.  Appellee may file a reply to the response by September 15, 2009.

.

EXHIBIT #5 "B"

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | U.S.C.A. No. 07-99009 |
| | ) | |
| Plaintiff-Appellee, | ) | D.C. No. CR-02-220-DT |
| | ) | |
| v. | ) | RESPONSE TO JULY 29, |
| | ) | 2009 ORDER AND MOTION |
| JURIJUS KADAMOVAS, | ) | FOR ADDITIONAL |
| | ) | COUNSEL, FUNDING FOR |
| Defendant-Appellant. | ) | TRANSLATION, AND |
| | ) | COMPUTER EQUIPMENT |
| | ) | |

## PRELIMINARY STATEMENT

Co-counsel for appellant, Jurijus Kadamovas, respectfully submit the following Response to July 29, 2009 Order and Motion for Additional Counsel, Funding for Translation, and Computer Equipment.

## BACKGROUND

On July 24, 2009, Mr. Kadamovas, with the assistance of a fellow death row inmate, filed a document styled: "Motion To Proceed Pro Se." In that motion, Mr. Kadamovas raised two main issues. First, he asserted that he was being denied access to the courts because he has limited ability in the English language and, given this deficiency, the Bureau of Prisons ("BOP") was not affording him with adequate facilities to assist in his appellate defense. Second, Mr. Kadamovas requested that he be allowed to replace his current attorneys with

attorneys who understand Russian and will take his case seriously. Mr. Kadamovas further asserted that he had a conflict of interest with his current attorneys and that they had not investigated areas that could affect his appeal and had not provided him with translations of transcripts and other case materials.

On July 29, 2009, the Court issued an order stating that it would not consider the motion because Mr. Kadamovas was represented by counsel and only counsel may file motions. As a result, the Court ordered counsel to consult with Mr. Kadamovas and file a response to his "pro se motion for new counsel by August 31, 2009."

## ARGUMENT

### A. Response And Motion For Additional Counsel

As ordered by the Court, counsel has consulted with Mr. Kadamovas. Counsel have confirmed that, although Mr. Kadamovas's motion was styled as a "motion to proceed pro se," he is not seeking to represent himself. In other words, the Court correctly identified his motion as a motion for new counsel.

We have discussed with Mr. Kadamovas his perceived conflict of interest as to strategy and have explained our current strategic decisions and that we are taking his case seriously. We have also explained that, in the appellate context, most strategy decisions are made by the attorneys. We have also

discussed Mr. Kadamovas's concerns about investigation and have attempted to explain the difference between the types of claims that are raised on direct appeal and the types of claims that are raised in a 28 U.S.C. § 2255 petition. Based on our discussions, we do not believe that Mr. Kadamovas continues to perceive a conflict of interest with us.

Mr. Kadamovas, however, is still requesting that the Court appoint an additional attorney or attorneys who speak and understand Russian to represent him. At Mr. Kadamovas's request, we have contacted an attorney in Philadelphia, Pennsylvania named Bruce Marks. Mr. Marks's firm, Marks & Sokolov, has offices in Philadelphia, Moscow, and Kiev. Mr. Marks speaks Russian and has expressed an interest in working on Mr. Kadamovas's case on an appointed basis. Mr. Marks has suggested that he could work on the case with an associate in his firm named Anna Brown, who is a native Russian speaking attorney. Mr. Marks and Ms. Brown, however, have stated that they want to meet Mr. Kadamovas in person before agreeing to work on his case. Similarly, Mr. Kadamovas has stated that he wants to meet with them in person to make certain that they adequately understand him.

Accordingly, we are asking the Court to consider appointing additional Russian-speaking attorneys to represent Mr. Kadamovas and to

3

authorize funding for travel to Terre Haute, Indiana for Mr. Marks and Ms. Brown so that they can meet with Mr. Kadamovas. We have also conferred with capital resource counsel and have been informed that more than two attorneys have been appointed on federal death penalty cases in the past.

## B. Motion For Funding For Translation

In his pro se motion, Mr. Kadamovas asserted that we had not provided him with Russian translations of his trial transcripts and other case-related documents, such as FBI 302 reports and grand jury transcripts. We previously purchased an electronic translation device for Mr. Kadamovas in an effort to overcome any difficulties that he had in understanding the case-related materials. For a variety of reasons, the translation device has proven unsatisfactory.

As an alternative, we had suggested to Mr. Kadamovas that we would attempt to obtain Russian translations of certain important parts of the trial transcripts and other case-related materials, such as those that would eventually be contained in our Excerpts of Record. Given the volume of the trial transcripts and other documentary materials in this case, we believed that it would be an impractically enormous and costly undertaking to have all of the case materials translated. As we have still not completed a review of the transcripts, we have still

not selected those portions of the transcripts and other materials that would be the most important to translate.

As this issue has now been placed before the Court, we are requesting that the Court authorize funding for translation of transcripts and other case materials at the standard rates for federal court translation. At this point, we do not have a firm estimate as to the amount of funds that will be needed for this translation.

### C. Motion For Computer Equipment

In addition to, or as an alternative to, funding for translation of certain transcripts and other documents, Mr. Kadamovas requests that he be provided with computer equipment and software that will allow him to translate all of the transcripts and other case materials. During the district court proceedings, Mr. Kadamovas was detained at the Metropolitan Detention Center in Los Angeles, California, and Judge Tevrizian authorized Mr. Kadamovas to use a laptop computer, equipped with translation software, to review the voluminous materials in this case.

Similar to the computer access allowed by Judge Tevrizian, Mr. Kadamovas requests that he be allowed access to computer equipment, including a personal laptop computer, printer, scanner, and certain software, including

translation software, so that he can effectively review the transcripts, discovery, and other materials in this case. We have made these requests to the BOP, and the BOP has declined them for security and other reasons.

Counsel's understanding is that the BOP is currently allowing Mr. Kadamovas to use a desktop computer that is used by other inmates on death row. The computer, however, is not equipped with all of the software needed to review all of the materials in this case, and the computer is not equipped with translation software and will not allow Mr. Kadamovas to make notations. Counsel's understanding is that the BOP will not "personalize" the computer to meet Mr. Kadamovas's needs. Furthermore, Mr. Kadamovas is concerned about working and storing information on a computer that could be accessible to others. While Mr. Kadamovas does not object to BOP personnel inspecting his computer to make certain that there are no safety concerns, he is concerned with the confidentiality of his work product.[1]

Counsel believe that it will be more cost-effective for Mr. Kadamovas to undertake his own translations, and Mr. Kadamovas would prefer to have the requested computer equipment and software so that he can work effectively on his case. As a result, as an alternative, or in addition to, providing funding for

---

[1]     Mr. Kadamovas has also expressed concern that the BOP has confiscated certain discovery, and therefore he is unable to review those materials.

6

translation services, Mr. Kadamovas requests that the Court order that he be allowed the requested computer equipment and software.

## CONCLUSION

As set forth above, co-counsel have responded to the Court's order, and the Court should grant the instant motions.

Respectfully submitted,

*s/Benjamin Coleman, Barbara O'Connor*

Dated: August 31, 2009

**COLEMAN & BALOGH LLP**
BENJAMIN L. COLEMAN
1350 Columbia Street, Suite 600
San Diego, California 92101
Telephone: (619) 794-0420

**O'CONNOR & KIRBY, P.C.**
**BARBARA E. O'CONNOR**
174 Battery Street, 3rd Floor
Burlington, Vermont 05401
Telephone: (802) 863-0112

Attorneys for Mr. Kadamovas

## CERTIFICATE OF SERVICE

I, hereby certify that on August 31, 2009, I electronically filed the foregoing Response and Motion with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: August 31, 2009                    *s/Benjamin L. Coleman*_____
                                           BENJAMIN L. COLEMAN

**FILED**

UNITED STATES COURT OF APPEALS

OCT 19 2009

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>IOURI MIKHEL,<br><br>Defendant - Appellant. | No. 07-99008<br><br>D.C. No. CR-02-00220-DT-2<br>Central District of California |
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>JURIJUS KADAMOVAS,<br><br>Defendant - Appellant. | No. 07-99009<br><br>D.C. No. CR-02-00220-DT-1<br>Central District of California |

Before:   Peter L. Shaw, Appellate Commissioner

At the October 15, 2009 case management conference, the parties jointly

moved to consolidate these appeals given that appellants were tried together and

the guilt phase issues substantially overlap.  The motion to consolidate is granted.

Nos. 07-99008, 07-99009

Appellant Kadamovas's motion for the appointment of a Russian-speaking attorney is denied without prejudice to a renewed motion for resources to allow reasonable translation services modeled after those permitted for trial by the district court.

The briefing schedule is reset as follows. Appellants' joint opening brief and any individual supplemental opening briefs are due December 20, 2010. The Government's answering brief is due April 20, 2011. Appellants' joint reply brief and any supplemental individual reply briefs are due July 20, 2011. Appellants are encouraged to join in a single brief and to avoid repetition in the briefs to the greatest extent practicable. *See* 9th Cir. R. 28-4, -5.

Appointed counsel may submit an interim voucher under the Criminal Justice Act after the opening brief is filed and a second interim voucher after the reply brief is filed. Any request for earlier interim payment must be accompanied by a motion for leave to submit an interim voucher. The final vouchers are due no later than 45 days after the final disposition of the case in this court or after the filing of a petition for a writ of certiorari, whichever occurs later. *See* 9th Cir. R. 4-1(f).