UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

**FILED**

APR - 8 2020

U.S. CLERK'S OFFICE
TERRE HAUTE, INDIANA

Jurijus Kadamovas

PETITIONER,

T. J. Watson

WARDEN UNITED STATES

PENITENTIARY, Terre Haute

(U. S.P.)

RESPONDENT

CAUSE NO:

2:19-cv-00540-JPH-MJD

## MOTION FOR PRELIMINARY INJUNCTION RULE 65 (B), FED. R. CIV. P ALSO UNDER 28 USC § 1331 AND 5 USC § 702

COMES THE PETITIONER Jurijus Kadamovas PRO SE AND ASK THIS COURT FOR PRELIMINARY INJUNCTION.

### INTRODUCTION

PETITIONER Kadamovas INCARCERATED IN THE SPECIAL CONFINEMENT UNIT (SCU) IN THE FEDERAL CORRECTIONAL COMPLEX TERRE HAUTE, INDIANA, THE "DEATH ROW" IN THE FEDERAL

(1)

PRISON SISTEM. THE SCU UNIT OCCUPYS THIRD AND FOURTH FLOOR AT THIS BUILDING, AND THE SPECIAL HOUSING UNIT (SHU) OCCUPYS FIRST TWO STORY OF THE SAME BUILDING. THIS BUILDING CONTAIN NO SINGLE WINDOW THAT CAN BE OPENED, AKIN TO A SUBMARIN. THE SCU AND THE SHU UNITS ARE CONNECTED TO THE SAME VENTILATION SYSTEM.

WHEN THE BOP STAFF USES TEAR GAS, UNOWN ALSO AS "OLEORESIN CAPSICUM" IN THE SHU UNIT, AND WHEN THE SHU INMATES BURN THINGS IN THER CELLS OR SMOKING, I EXPOSED TO THE SECOND-HAND TEAR GAS AND SMOKE THAT TRAVEL UP TO THE SCU UNIT THROUGH OOR CONNECTED VENTICA-TION SISTEM.

BECAUSE OF MY ASTHMA, IT IS TORTUROUS FOR ME TO BE REPEATEDLY EXPOSED TO THIS HAZARDOUS AIR CONDITIONS FROM VENTICATION SISTEM. THIS ISSUE STARTED IN ABOUT 2010 AND CONTINUE THROUGH THIS DAY. AFTER I HAVE EX-HAUSTED MANY ADMINISTRATIVE REMEDIES TO EXTENT POSSIBLE I FILED LAWSUT AND THIS COURT ISSUED ORDER GRANTING DEFENDANTS MOTION FOR SUMMERY JODGMENT ON 12/6/2018, WHICH I LOST ON APPEAL SEE KADAMOVAS v. CARAWAY No 1:17cu 00050-WTL-MJD. AFTER I LOST THIS LAW SUIT ON APPEAL THE ISSUES WITH THE SMOKE AND GAS DID NOT

2.

STOP, AND I HAD CONTINUE TO BE TORTURED, AND FILE A GRIEVANCES, TO RESOLVE THIS ISSUES.

WHEN GAS WAS USED AGAIN ON APRIL 3, 2019 I FILE BP-8 GRIEVANCE AND LIEUTENANT McPHERSON HAVE PROMISE TO ME IN FRONT OF MANY THE SCU CORRECTION OFFICERS THAT WHEN GAS WILL BE NECESSARY TO BE USE IN THE SHU AGAIN, THE SHU STAFF WILL CALL TO THE SCU STAFF AND THE SCU STAFF WILL PULL ME OUT TO OUTSIDE RECREATION AREA BEFORE GAS WILL BE USE IN THE SHU. THIS IS WHAT I WAS UNSUCCESSFULLY SEEKING FROM 2010! BUT THEN GAS WAS USED IN THE SHU ON OCTOBER 7, AND AGAIN ON OCTOBER 14, AND NO ONE PULL ME OUT OF MY CELL, NOT BEFORE NOT AFTER. I HAD BEEN TORTURED ALMOUST TO DEATH!

I FILE NEW SET OF GRIEVANCES ON 4/5/2019 SEE ATTACHED AS EXHIBIT # 1. IN PART WARDEN WATSON RESPONDED: " CORRECTIONAL STAFF WITHIN IN YOUR UNIT WILL MOVE YOU TO THE OUTSIDE RECREATION YARD WHEN THEY HAVE PRIOR KNOWLEDGE OF THE USE OF GAS." THIS PROMISE HOWEVER WAS BREACHED AGAIN ON JANUARY 1, 2020. BUT, BEFORE THAT, I HAVE VISIT MY PULMONOLOGIST AND HE RECOMENDED TO MOVE ME IT TO A LARGER CELL TO MINIMIZE EXPOSURE TO GAS CONCENTRATION AND REMOVE ME FROM AREA WHERE THERE IS HIGH

3.

GAS CONCENTRATION. See attached report as Exhibit #2 at page 3.

After I file other grievance BP-9 #100 323-FI, and on Jan 21. 2020 Unit Manager Ms. Thomas tell me that after some issues with a plumbing in a biger cell will be resolved, she will move me in to it. I signed BP-9 grievance withdrawal upon her promise. See Attached as Exhibit #3. The plumbing issues was resolved but, I was not moved to a biger cell, and then I filed other grievance ID #1006864-FI which Warden Watson responded in part: "A review of your request reveals you have not provided sufficient documentation from your Pulmonologist to justify your claimed need for a larger cell." See Attached as Exhibit #4 So, another breach of promise by Unit Manager, the BOP officials.

Now, the Gas was used in the SHU again on March 23 2020, I was moved to outside re creation yard only after about 30 minuts. Then Gas was used in the SHU again on March 29. 2020 and no one was moved me outside recreation yard at all, because it was in about 8:30 PM, and no medical attention was provided, because no medical personal was in the building until 6:50 AM. And Gas was used again on March 30, 2020

4.

This time it was so bad, that the first time in my life I was thinking about committing a suicide to stop this torture! The phisical and psychological pain was intolerable.

I belive that all this situation with gas and smoke in the SCU unit violate my eight amendment right to be free of cruel and unusual punishment, garantt by the US constitution and prohibited by International laws. The Eight Amendment prohibits unnecessary and wanton infliction of pain, thus forbidding punishment that is "so totally without penalogical justification that it results in the gratuitous infliction of suffering". GREGG v. GEORGIA. 428 U.S. 153, 173, 183, 49 L. Ed. 2d 859, 96 S. Ct. 2909 (1976). Such gratuitous infliction of pain always violates contemporary standards of decency and need not produce serious injury in order to violate the eight Ammenament. See HUDSON v. McMILLIAN, 503 U.S. 19, 117 L. Ed. 2d 156, 112 S. Ct. 995 (1992) Moreover, phisical injury need not result for the punishment to state a cause of action, for the wanton infliction of psychological pain is also prohibited. See id. at 16 (BLACKMUN, J., concurring); DELANEY v. DeTELLA, 256 F. 3d 679, 685 (7th Cir. 2001)

See also JONES v. SIMEU, 193 F.3d 485, 492 (7th Cir.

5.

1999) ( CITING REFUSAL TO FOLLOW SPECIALIST'S RE- COMMENDATIONS AS SUPPORTING CLAIM OF DELIBERAT INDIFFERENCE); Mc CORKLE v. WALKER, 871 F. Supp. 555 558 (N. D. N.Y. 1995) (FAILURE TO OBEY A MEDICAL ORDER TO HOUSE ASHMATIC PRISONER ON A LOWER TIER STATED A CLAIM); BOARD v. FARNHAM, 394 F. S.D 469 484 (7TH CIR. 2005) (ASTHMA INHALER); LAVENDER v. LAMPERT, 242 F. SUPP. 2D 821, 845 (D. OR. 2002) ( THE FAI- LURE OF MEDICAL STAFF TO RESPOND TO ONGOING COMP- LAINTS OF CHRONIC AND DEBILITATING PAIN COULD CONS- TITUTE DELIBERATE INDIFFERENCE EVEN THOUGH THE PRI- SONER REGULARY RECEIVED MEDICAL SERVICES); HENDE- RSON v. HARRIS, 672 F. Supp. 1054, 1059 (N.D ILL. 1987) (THE FACT THAT THE PRISONER RECEIVED SOME CARE DM NOT ENTITLE THE WARDER TO HAVE THE CASE DISMISSED.)

I AM MORE THEN 12 YEARS IN SOLITARY CON- FINEMENT, I AM TOTALLY DEPENDANT ON FRESH AIR FROM THE VENTICATION SYSTEM. ALTHOUGH I AM PRO- VIDED WITH OUTDOOR RECREATION FOR FIVE HOURS A WEEK, ALL OTHER TIME I AM LOCCED DOWN IN MY CELL WHERE I CANNOT OPEN MY WINDOW FOR FRESH AIR. I BELIVE THIS FACT CONTRADICTS TO UNITED NATIONS STANDARD MINIMUM RULES FOR THE TREA- TMENT OF THE PRISONERS (THE MANDELA RULES) RULE #14 " IN ALL PLACES WHERE PRISONERS ARE

6.

REQUIRED TO LIVE OR WORK:

A) The windows shall be large enough to enable the prisoners to read or work by natural light and <u>shall be so constructed that they can allow the entrance of fresh air</u> whether or not there is artificial ventilation;"

Rule 23: 1) Every prisoner who is not employed in outdoor work shall have at least one hour of suitable exercise in or open air daily if the weather permits. (I allowed only 5 hours a week)

I have appeal the BOP officials to reconstruct my window for a years but, the BOP officials ignor it. One prisoner have been granted preliminary injunction see, Stringham v. Bick, 2007 WL 60996 (E. D. Cal., Jan. 8, 2007). (directing placement of plaintiff in cell with tinted window because of his medical problems), report and recommendation adopted, 2007 WL 806619 (E.d. Cal, Mar. 15, 2007)

## I will suffer Irreparable Harm

Because my serious breathing problems and severe depression it is torturous for me to be repeatedly exposed to Gas and Smoke from the ventilation system. (The Gas was

7.

USED IN THE SHU MORE THEN 40 TIMES SINCE 2010, AND THERE NO INDICATION THAT IT WILL BE STOP) UNTIL THIS ISSUE IS RESOLVED, I WILL CONTINUE TO SUFFER PAIN, ANGUISH, AND SUBSTANTIAL RISK OF SERIOUS HARM, INCLUDING DEATH. ALSO IN THIS TIME OF DANGER FROM COVID 19, CORONAVIRUS I SIMPLY WILL SUFFOCATE IN MY CURRENT CONFINEMENT, OR SUFFER IRREPARRABLE INJURY IF INJUNCTION WILL NOT GRANTED.

## THE BALANCE OF HARDSHIPS

I WILL SUFFER MUCH MORE WITHOUT AN INJUNCTION THAT PRISON OFFICIALS WILL SUFFER IF THE INJUNCTION IS GRANTED.

1) IT IS NOT THE HARDSHIP FOR THE BOP STAFF TO REMOVED ME TO OUTSIDE RECREATION YARD BEFORE OR RIGHT AFTER GAS MUST BE USE IN THE SHU OR THE SCU AS I WAS PROMISED.

2) IT IS NOT THE HARDSHIP FOR THE BOP STAFF TO MOVE ME IN TO A "BUIGER CELL". THE SCU UNIT HAVE TWO EMPTY CELLS ON EACH FLOOR AS WELL TWO HANDICAP CELLS IN EACH LOWER FLOOR OF EACH FLOOR, THEY ARE LITERALLY THE NEXT ADOOR, AND DO NOT REQUIRE ANY EXTRA SECURITY OR EXPENSE, TO THE BOP.

8.

3) RECONSTRUCTION OF THE WINDOW IN A "BIGER CELL" - "HANDICAP CELL" THAT IT CAN ALLOW THE ENTRANCE OF FRESH AIR, WILL PROVIDE A BIGER CHANCE FOR ME TO SURVIVE, AND WILL REDUCE MY SUFFERING, I BELIVE THAT IT OUT-WEIGH THE BOP's INTEREST IN SAVING MONEY. SEE DURAN v. ANATA, 642 F. Supp. 510, 527 (D.N.M. 1986) (HOLDING THAT PRISONER's INTEREST IN SAFETY AND MEDICAL CARE OUTWEIGHED STATE's INTEREST IN SAVING MONEY BY CUTTING STAFF). I ALSO HAVE TO MANTION THAT THIS "DEATH ROW" UNIT, UNTIL 2005 WAS HOUSED IN "ANOTHER BUILDING WHEN EACH DEATH ROW INMATE HAD BIG WINDOW THAT THEY ARE WAS BE ABLE TO OPEN IN ANY TIME.

## <u>LIKELIHOOD OF SUCCESS ON THE MERITS</u>

1) THE BOP OFFICIALS BREACH A PROMISE, CONSTANTLY.

2) THE BOP OFFICIALS - "INTENTIONALLY INTE-RFERING WITH (MEDICAL) TREATMENT ONCE PRESCRIBED"- WAS SPECIFICALLY SINGLED OUT BY THE SUPREME COURT AS AN EXAMPLE OF UNCONSTITUTIAL "DELIBERATE INDI-FERENCE" TO PRISONERS MEDICAL NEEDS. <u>ESTELLE v. GAMBLE, 429 U.S. 98, 105, 97 S CT. 285 (1976)</u>

9.

## THE RELIEF SOUGHT WILL SERVE THE PUBLIC INTEREST

In this case, the grant of relief will serve the public interest because it is always in the public interest for prisone' officials to obey the law, especially the <u>Constitution. Phelps-Roper v. Nixon, 545 F.3d 685, 690 (8th Cir 2008)</u>

## CONCLUSION

For the foregoing reasons, the Court should grant the motion in its entirety.

As injunction relief Kadamovas asks Court Order or action in the natur of Mandamus.

1) To be removed to the outside reckeation yard before Gas must be use in the SHU or the SCU units, in all the time.

2) Move Kadamovas in to a biger cell.

3) Reconstruct the window in his cell that it can allow the entrance of fresh air.

4) Such other and further relief as the Court may deem.

Dated: 6 April, 2020            Respectfully Submitted
                                By: _____

Jurijus Kadamovas Reg. No. 21050-112
USP Terre Haute
P.O. Box 33
Terre Haute, IN 47808

10.