

# UNITED STATES DISTRICT COURT
## Southern District of Indiana

**Roger A. G. Sharpe, Clerk of Court**

| | | | |
|---|---|---|---|
| Birch Bayh Federal Building & U.S. Courthouse, Room 105 46 East Ohio Street Indianapolis, IN 46204 (317) 229-3700 | U.S. Courthouse, Room 104 921 Ohio Street Terre Haute, IN 47807 (812) 231-1840 | Winfield K. Denton Federal Building & U. S. Courthouse, Room 304 101 NW Martin Luther King Blvd. Evansville, IN 47708 (812) 434-6410 | Lee H. Hamilton Federal Building & U.S. Courthouse, Room 210 121 West Spring Street New Albany, IN 47150 (812) 542-4510 |

May 28, 2020

JURIJUS KADAMOVAS
21050-112
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

RE:  JURIJUS KADAMOVAS v. T. J. WATSON

CAUSE NO:  2:19-cv-00540-JPH-MJD

Dear Appellant:

Please be advised that the Notice of Appeal filed in 2:19-cv-00540-JPH-MJD has been forwarded to the United States Court of Appeals for the Seventh Circuit. The Clerk of the Seventh Circuit will assign an appellate case number, docket the appeal, and notify case participants of the Seventh Circuit case number assigned to this matter.

Please review Seventh Circuit Rule 10 (enclosed) for guidance regarding record preparation.

Please contact the Clerk's office with any questions or concerns.

Sincerely,
Roger A. G. Sharpe
Clerk of Court

By Laura Townsend, Deputy Clerk
812-542-4511

## <u>Selected Rules for Reference</u>

**CIRCUIT RULE 10. Preparation and Accessibility of Record in District Court Appeals**

**(a) Record Preparation Duties.**

**(1) Within 14 days of filing the notice of appeal the district court must ensure the district court docket is complete and made available electronically to the court of appeals.**

**(2) The clerk of the district court must prepare and hold any confidential record or exhibit not available electronically on the district court docket until requested by the court of appeals.**

**(3) Counsel must ensure, within 21 days of filing the notice of appeal, that all electronic and non electronic documents necessary for review on appeal are on the district court docket.**

(b) *Correction or Modification of Record.* A motion to correct or modify the record pursuant to Rule 10(e), Fed. R. App. P., or a motion to strike matter from the record on the ground that it is not properly a part thereof must be presented first to the district court. That court's order ruling on the motion must be included as part of the record and a notice of the order must be sent to the court of appeals.

(c) *Order or Certification with Regard to Transcript.* Counsel and court reporters are to utilize the form prescribed by this court when ordering transcripts or certifying that none will be ordered. For specific requirements, see Rules 10(b) and 11(b), Fed. R. App. P.

(d) *Ordering Transcripts in Criminal Cases.*

(1) *Transcripts in Criminal Justice Act Cases.* At the time of the return of a verdict of guilty or, in the case of a bench trial, an adjudication of guilt in a criminal case in which the defendant is represented by counsel appointed under the Criminal Justice Act (C.J.A.), counsel for the defendant must request a transcript of testimony and other relevant proceedings by completing a C.J.A. Form No. 24 and giving it to the district judge. If the district judge believes an appeal is probable, the judge must order transcribed so much of the proceedings as the judge believes necessary for an appeal. The transcript must be filed with the clerk of the district court within 40 days after the return of a verdict of guilty or, in the case of a bench trial, the adjudication of guilt or within seven days after sentencing, whichever occurs later. If the district judge decides not to order the transcript at that time, the judge must retain the C.J.A. Form No. 24 without ruling. If a notice of appeal is filed later, appointed counsel or counsel for a defendant allowed after trial to proceed on appeal in forma pauperis must immediately notify the district judge of the filing of a notice of appeal and file or renew the request made on C.J.A. Form No. 24 for a free transcript.

(2) *Transcripts in Other Criminal Cases.* Within 14 days after filing the notice of appeal in other criminal cases, the appellant or appellant's counsel must deposit with the court reporter the estimated cost of the transcript ordered pursuant to Rule 10(b), Fed. R. App. P., unless the district court orders that the transcript be paid for by the United States. A non-indigent appellant must pay a pro rata share of the cost of a transcript prepared at the request of an indigent co-defendant under the Criminal Justice Act unless the district court determines that fairness requires a different division of the cost. Failure to comply with this paragraph will be cause for dismissal of the appeal.

(e) *Indexing of Transcript.* The transcript of proceedings to be part of the record on appeal (and any copies prepared for the use of the court or counsel in the case on appeal) must be bound by the reporter, with the pages consecutively numbered throughout. The transcript of proceedings must contain a suitable index, as well as the following information:

(1) An alphabetical list of witnesses, giving the pages on which the direct and each other examination of each witness begins.

(2) A list of exhibits by number, with a brief description of each exhibit indicating the nature of its contents, and with a reference to the pages of the transcript where each exhibit has been identified, offered, and received or rejected.

(3) A list of other significant portions of the trial such as opening statements, arguments to the jury, and instructions, with a reference to the page where each begins.

When the record includes transcripts of more than one trial or other distinct proceeding, and it would be cumbersome to apply this paragraph to all the transcripts taken together as one, the rule may be applied separately to each transcript of one trial or other distinct proceeding.

(f) *Presentence Reports.* The presentence report is part of the record on appeal in every criminal case. The district court must maintain this report under seal, unless it has already been placed in the public record in the district court. If the report is under seal, the report may not be included in the appendix to the brief or the separate appendix under Fed. R. App. P. 30 and Circuit Rule 30. Counsel of record may review the presentence report but may not review the probation officer's written comments and any other portion submitted in camera to the trial judge.

(g) *Effect of Omissions from the Record on Appeal.* When a party's argument is countered by a contention of waiver for failure to raise the point in the trial court or before an agency, the party opposing the waiver contention must give the record cite where the point was asserted and also ensure that the record before the court of appeals contains the relevant document or transcript.

NOTE:   The complete Federal Rules of Appellate Procedure & Rules of the 7th Circuit Court of Appeals are available at:  http://www.ca7.uscourts.gov/Rules/Rules/rules.pdf



# UNITED STATES DISTRICT COURT
## Southern District of Indiana

### Roger A. G. Sharpe, Clerk of Court

| | | | |
|---|---|---|---|
| Birch Bayh Federal Building & U.S. Courthouse, Room 105 46 East Ohio Street Indianapolis, IN 46204 (317) 229-3700 | U.S. Courthouse, Room 104 921 Ohio Street Terre Haute, IN 47807 (812) 231-1840 | Winfield K. Denton Federal Building & U. S. Courthouse, Room 304 101 NW Martin Luther King Blvd. Evansville, IN 47708 (812) 434-6410 | Lee H. Hamilton Federal Building & U.S. Courthouse, Room 210 121 West Spring Street New Albany, IN 47150 (812) 542-4510 |

May 28, 2020

RE:  JURIJUS KADAMOVAS v. T. J. WATSON

CAUSE NO:  2:19-cv-00540-JPH-MJD

Dear Appellant:

A Notice of Appeal was filed in the above case on May 27, 2020. However, a "Docketing Statement" was <u>not</u> <u>filed</u> along with the Notice of Appeal, as required by Circuit Rule 3(c) of the U.S. Court of Appeals for the Seventh Circuit. A copy of the rule is attached for reference.

Pursuant to the Seventh Circuit Rule 3(c), the appellant must serve on all parties a docketing statement and file said statement with the Clerk of the Seventh Circuit within seven (7) days of the filing of the Notice of Appeal.

<u>IMPORTANT</u>: Please do not submit the docketing statement to the U.S. District Court. The docketing statement must be filed electronically with the Seventh Circuit pursuant to Circuit Rule 25.  If the appellant is proceeding pro se, then the docketing statement should be filed on paper by mailing the same to the address below:

> Christopher Conway, Clerk
> United States Court of Appeals
> 219 South Dearborn Street, Suite 2722
> Chicago, IL 60604

Please contact the Clerk's office with any questions or concerns.

> Sincerely,
> Roger A. G. Sharpe,
> Clerk of Court
>
> By Laura Townsend, Deputy Clerk
> 812-542-4511

# **Selected Rules for Reference**

CIRCUIT RULE 3. Notice of Appeal, Docketing Fee, Docketing Statement, and Designation of Counsel of Record

   (a) *Forwarding Copy of Notice of Appeal.* When the clerk of the district court sends to the clerk of this court a copy of the notice of appeal, the district court clerk shall include any docketing statement. In civil cases the clerk of the district court shall include the judgments or orders under review, any transcribed oral statement of reasons, opinion, memorandum of decision, findings of fact, and conclusions of law. The clerk of the district court shall also complete and include the Seventh Circuit Appeal Information Sheet in the form prescribed by this court.

   (b) *Dismissal of Appeal for Failure to Pay Docketing Fee.* If a proceeding is docketed without prepayment of the docketing fee, the appellant shall pay the fee within 14 days after docketing. If the appellant fails to do so, the clerk is authorized to dismiss the appeal.

   (c)(1) *Docketing Statement.* The appellant must serve on all parties a docketing statement and file it with the clerk of the district court at the time of the filing of the notice of appeal or with the clerk of this court within seven days of filing the notice of appeal. The docketing statement must comply with the requirements of Circuit Rule 28(a). If there have been prior or related appellate proceedings in the case, or if the party believes that the earlier appellate proceedings are sufficiently related to the new appeal, the statement must identify these proceedings by caption and number. The statement also must describe any prior litigation in the district court that, although not appealed, (a) arises out of the same criminal conviction, or (b) has been designated by the district court as satisfying the criteria of 28 U.S.C. §1915(g). If any of the parties to the litigation appears in an official capacity, the statement must identify the current occupant of the office. The docketing statement in a collateral attack on a criminal conviction must identify the prisoner's current place of confinement and its current warden; if the prisoner has been released, the statement must describe the nature of any ongoing custody (such as supervised release) and identify the custodian. If the docketing statement is not complete and correct, the appellee must provide a complete one to the court of appeals clerk within 14 days after the date of the filing of the appellant's docketing statement.

   (2) Failure to file the docketing statement within 14 days of the filing of the notice of appeal will lead to the imposition of a $100 fine on counsel. Failure to file the statement within 28 days of the filing of the notice of appeal will be treated as abandonment of the appeal, and the appeal will be dismissed. When the appeal is docketed, the court will remind the litigants of these provisions.

   (d) *Counsel of Record.* The attorney whose name appears on the docketing statement or other document first filed by that party in this court will be deemed counsel of record, and a separate notice of appearance need not be filed. If the name of more than one attorney is shown, the attorney who is counsel of record must be clearly identified. (There can be only one counsel of record.) If no attorney is so identified, the court will treat the first listed as counsel of record. The court will send documents only to the counsel of record for each party, who is responsible for transmitting them to other lawyers for the same party. The docketing statement or other document must provide the post office address and telephone number of counsel of record. The names of other members of the Bar of this Court and, if desired, their post office addresses, may be added but counsel of record must be clearly identified. An attorney representing a party who will not be filing a document shall enter a separate notice of appearance as counsel of record indicating the name of the party represented. Counsel of record may not withdraw, without consent of the court, unless another counsel of record is simultaneously substituted.

   NOTE:   The complete Federal Rules of Appellate Procedure & Rules of the 7th Circuit Court of Appeals
   are available at:  http://www.ca7.uscourts.gov/Rules/Rules/rules.pdf

**FILED**

3:48 pm, May 27, 2020

**U.S. DISTRICT COURT**
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

JURIJUS KADAMOVAS
            PETITIONER,
T. J. WATSON
WARDEN UNITED STATES
PENITENTIARY, TERRE HAUTE
(U.S.P.),
            RESPONDENT.

CAUSE No:
2:19-cv-00540-JPH-
- MJD

## NOTICE OF APPEAL

NOTICE IS HEREBY GIVEN THAT JURIJUS KADAMOVAS APPEALS TO THE UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT FROM THE JUDGMENT ORDER ENTERED IN THIS ACTION ON THE APRIL 22, 2020 DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS.

DATED: APRIL 27, 2020          RESPECTFULLY SUBMITED

                                        JURIJUS KADAMOVAS
                                        # 21050-112
                                        USP TERRE HAUTE
                                        P.O. BOX 33
                                        TERRE HAUTE, IN 47808

DECLARATION OF MAIL

THE UNDERSIGNED PURSUANT TO 28 U.S.C. § 1746 ATTEST UNDER PAINS OF PERJURY THAT THE MAILED THE ORIGINAL NOTICE OF APPEAL VIA U.S. MAIL FIRST CLASS POSTAGE ATTACHED AND PREPAID ON THIS APRIL 27, 2020 TO: Ms. LAURA A. BRIGGS / CLERK, UNITED STATES DISTRICT COURT, 921 OHIO STREET, TERRE HAUTE, IN 47807.

JURIJUS KADAMOVAS
# 21050-112
DECLARANT.

NAME: J. KADAHOUAS
NUMBER: 21050-112
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808

RECEIVED

MAY 2 6 2020

U.S. CLERK'S OFFICE

LEGAL SPECIAL

MAIL

INDIANAPOLIS
IN 460
21 MAY '20
PM 3 L

US OFFICIAL MAIL >> PENALTY FOR
PRIVATE USE $300

ZIP 47802    $ 000.50
02 1W
0004887589 MAY 20 2020

THE OFFICE OF THE CLERK
OF THE U.S. DISTRICT COURT
921 OHIO STREET
ROOM 104
TERRE HAUTE, IN 47804

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

JURIJUS KADAMOVAS,                  )
                                    )
            Petitioner,             )
                                    )
      v.                            )      No. 2:19-cv-00540-JPH-MJD
                                    )
T. J. WATSON,                       )
                                    )
            Respondent.             )

**Order Dismissing Action and Directing Final Judgment**

Jurijus Kadamovas, a federal prisoner who was sentenced to death in the United States District Court for the Central District of California, filed a 28 U.S.C. § 2241 petition in this Court raising various claims about the conditions of his confinement, arguing that those conditions make it "literally impossible" for him to litigate a 28 U.S.C. § 2255 petition. Dkt. 1 at 6.

On January 16, 2020, the Court found that Mr. Kadamovas's petition was barred by § 2255(e), which creates a "general rule" that "a federal prisoner wishing to collaterally attack his conviction or sentence must do so under § 2255." *Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019). Section 2255(e) includes a Savings Clause, which allows prisoners to file a § 2241 petition where "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." The Court ordered Mr. Kadamovas to show cause why this action should not be dismissed with prejudice as barred by § 2255(e).

Mr. Kadamovas responded to the show cause order and filed an amended petition. Dkts. 4, 5. The amended petition raises allegations of suppressed evidence and prosecutorial misconduct.

On April 8, 2020, Mr. Kadamovas filed a motion for preliminary injunction alleging ventilation problems in his cell. Dkt. 7.

None of Mr. Kadamovas's filings show why his petition should not be dismissed as barred by § 2255(e). First, Mr. Kadamovas rehashes his allegations about the conditions of his confinement preventing him from litigating a § 2255 petition. For the reasons in the Court's show cause order, these allegations do not satisfy the Savings Clause. *See* dkt. 3 at 2–3.

Second, Mr. Kadamovas argues that he is actually innocent. To be sure, actual innocence—coupled with other specific factors—may be enough to meet the Savings Clause. *See Brown v. Rios*, 696 F.3d 638, 640–41 (7th Cir. 2012); *In re Davenport*, 147 F.3d 605, 610–11 (7th Cir. 1998). But that is true only if the prisoner can show "a structural problem with § 2255 that is preventing him from seeking relief to which he is entitled." *Poe v. LaRiva*, 834 F.3d 770, 772 (7th Cir. 2016). Mr. Kadamovas has identified no structural problem with § 2255.

Even though the United States District Court for the Central District of California has appointed Mr. Kadamovas counsel to pursue § 2255 relief, it appears he still has not filed a § 2255 petition. No. 2:02-cr-00220-DT-2 (C.D. Cal.). The Savings Clause gives federal prisoners their one fair shot at collateral relief for certain claims. It is not an opportunity to bypass § 2255 based

on personal preference. Nor is it an opportunity to relitigate unsuccessful civil rights claims. *See, e.g.*, *Kadamovas v. Lockett, et al.*, No. 2:11-cv-00258-WTL-MJD, Dkt. 150; *Kadamovas v. Caraway, et al.*, No. 2:14-cv-00179-WTL-WGH, Dkts. 6, 11; *Kadamovas v. Siereveld*, No. 2:18-cv-00490-JRS-MJD.

The motion for leave to file an amended petition, dkt. [6], is **GRANTED**. Because Mr. Kadamovas has failed to show that his claims meet the Savings Clause, his amended petition is **DISMISSED** with prejudice. Mr. Kadamovas's motion for preliminary injunction, dkt. [7], is **DENIED** as moot. Final judgment shall now issue.

The **clerk is directed** to change the petitioner's surname on the docket to "Kadamovas."

**SO ORDERED.**

Date: 4/22/2020

James Patrick Hanlon
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JURIJUS KADAMOVAS
21050-112
TERRE HAUTE – USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

JURIJUS KADAMOVOS,                        )
                                          )
                    Petitioner,           )
                                          )
        v.                                )        No. 2:19-cv-00540-JPH-MJD
                                          )
T. J. WATSON,                             )
                                          )
                    Respondent.           )

**FINAL JUDGMENT**

The Court now enters final judgment in favor of the respondent and against the petitioner. Petitioner's petition for a writ of habeas corpus is **DISMISSED**.

Date: 4/22/2020

Laura Briggs, Clerk of Court

By: *Pam Pope*
        Deputy Clerk

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JURIJUS KADAMOVOS
21050-112
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

# *** PUBLIC DOCKET ***

APPEAL,HABEAS,CLOSED

## U.S. District Court
## Southern District of Indiana (Terre Haute)
## CIVIL DOCKET FOR CASE #: 2:19-cv-00540-JPH-MJD

KADAMOVAS v. WATSON                          Date Filed: 11/08/2019
Assigned to: Judge James Patrick Hanlon     Date Terminated: 04/22/2020
Referred to: Magistrate Judge Mark J. Dinsmore   Jury Demand: None
Cause: 28:2241 Petition for Writ of Habeas Corpus (federal)   Nature of Suit: 535 Death Penalty - Habeas Corpus
                                            Jurisdiction: Federal Question

**Petitioner**

**JURIJUS KADAMOVAS**            represented by   **JURIJUS KADAMOVAS**
                                                 21050-112
                                                 TERRE HAUTE - USP
                                                 TERRE HAUTE U.S.
                                                 PENITENTIARY
                                                 Inmate Mail/Parcels
                                                 P.O. BOX 33
                                                 TERRE HAUTE, IN 47808
                                                 PRO SE

V.

**Respondent**

**T. J. WATSON**                represented by   **T. J. WATSON**
*Warden United States Penitentiary,*            .
*Terre Haute (USP)*                             PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 11/08/2019 | 1 | PETITION for Writ of Habeas Corpus, filed by JURIJUS KADAMOVOS. (No fee paid with this filing) (Attachments: # 1 Exhibit 1 - Declaration of Margaret O'Donnell, # 2 Exhibit 2 - Investigation Request of 7/15/2013, # 3 Exhibit 3 - OIG Complaint/Investigation Request of Jul 18, 2013, # 4 Exhibit 4 - Margaret O'Donnell Letter of July 24, 2015, # 5 Exhibit 5 - Margaret O'Donnell Email of March 27, 2013, # 6 Exhibit 6 - Letter of April 5, 2013 to Margaret O'Donnel, # 7 Exhibit 7 - Letter of March 1, 2011 to Paul Enzinna, # 8 Exhibit 8 - Letter of April 19, 2011 to Michael Nalley, # 9 Exhibit 9 - Copy of envelope for mail to Petitioner, # 10 Exhibit 10 - copy of envelope for mail to Petitioner, # 11 Exhibit 11 - form for Stamps, Negoiatable Instrument and Other Returned to |

| | | |
|---|---|---|
| | | Sender dated 4/18-2016, # 12 Exhibit 12 - Copy of Envelope mailed to Petitioner from Barnes & Thornburg, # 13 Envelope)(REO) (Entered: 11/08/2019) |
| 11/08/2019 | 2 | MAGISTRATE JUDGE's NOTICE of Availability to Exercise Jurisdiction issued. (REO) (Entered: 11/08/2019) |
| 01/16/2020 | 3 | Order Directing Petitioner to Show Cause - Mr. Kadamovos has until February 21, 2020, to show cause why this action should not be dismissed with prejudice as barred by the Savings Clause, 28 U.S.C. § 2255(e). (See Order.) Copy to petitioner via US Mail. Show Cause Response due by 2/21/2020.. Signed by Judge James Patrick Hanlon on 1/16/2020.(RSF) (Entered: 01/16/2020) |
| 02/05/2020 | 4 | RESPONSE re 3 Order Directing Petitioner to Show Cause, filed by Petitioner JURIJUS KADAMOVOS. (Attachments: # 1 Exhibit, # 2 Envelope)(TMC) (Entered: 02/05/2020) |
| 03/30/2020 | 5 | AMENDED PETITION against T. J. WATSON, filed by JURIJUS KADAMOVOS. (Attachments: # 1 Envelope, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8)(AAS) (Entered: 03/30/2020) |
| 03/30/2020 | 6 | MOTION to Amend/Correct 1 Petition for Writ of Habeas Corpus, filed by Petitioner JURIJUS KADAMOVOS. (Attachments: # 1 Envelope)(AAS) (Entered: 03/30/2020) |
| 04/08/2020 | 7 | MOTION for Preliminary Injunction, filed by Petitioner JURIJUS KADAMOVOS. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Envelope)(AAS) (Entered: 04/08/2020) |
| 04/22/2020 | 8 | Order Dismissing Action and Directing Final Judgment - The motion for leave to file an amended petition, dkt. 6 , is GRANTED. Because Mr. Kadamovas has failed to show that his claims meet the Savings Clause, his amended petition is DISMISSED with prejudice. Mr. Kadamovas's motion for preliminary injunction, dkt. 7 , is DENIED as moot. Final judgment shall now issue. The clerk is directed to change the petitioner's surname on the docket to "Kadamovas." Copy to Petitioner via US Mail. Signed by Judge James Patrick Hanlon on 4/22/2020. (KAA) (Entered: 04/22/2020) |
| 04/22/2020 | 9 | FINAL JUDGMENT - The Court now enters final judgment in favor of the respondent and against the petitioner. Petitioner's petition for a writ of habeas corpus is DISMISSED. Copy to Petitioner via US Mail. Signed by Judge James Patrick Hanlon on 4/22/2020.(KAA) (Entered: 04/22/2020) |
| 05/27/2020 | 10 | NOTICE OF APPEAL as to 9 Closed Judgment, 8 Order on Motion to Amend/CorrectOrder on Motion for Preliminary Injunction, filed by Petitioner JURIJUS KADAMOVAS. (No fee paid with this filing) (Attachments: # 1 Envelope)(AAS) (Entered: 05/27/2020) |

**Case #: 2:19-cv-00540-JPH-MJD**